UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY**<br>    **Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion to strike certain exhibits listed on Defendant ENSCO Offshore Company's second supplemental witness and exhibit list.[1] Defendant has filed a limited response to the motion.[2] For the reasons that follow, the motion is **GRANTED**, provided that (1) Defendant may be allowed to use exhibits that were disclosed for impeachment purposes, and (2) Defendant is allowed to use documents or writings that are not listed in the proposed pre-trial order to refresh a witness's recollection, if appropriate under the circumstances, as set forth below.

Plaintiff Kevin Jordan maintains that there are "56 exhibits" on Defendant's second supplemental witness and exhibit list, a "vast majority" of which were not listed as exhibits by the Defendant in the proposed pre-trial order.[3] Plaintiff argues that the exhibits listed in Defendant's second supplemental witness and exhibit list which are not listed in the proposed pre-trial order should be stricken.[4] In response, Defendant notes that it "does not plan at this time to admit into evidence any documents not listed on the Pre-Trial Order," with the exception of certain documents agreed to between counsel.[5] However, Defendant also states: "If [Plaintiff's] testimony requires examination of

---

[1] R. Doc. 80.
[2] R. Doc. 86.
[3] The proposed pretrial order is Record Document 64.
[4] R. Doc. 80 at 1–2.
[5] R. Doc. 86 at 1.

1

documents not listed on the Pre-Trial Order [1] to refresh his recollection, [2] to attempt to impeach him, or [3] to confirm facts not otherwise in evidence to that point, Ensco would reserve the right to seek a ruling by the Court at that point in the trial."[6]

The Court's pre-trial notice form explicitly states that the proposed pre-trial order must include: "For each party, a list and description of exhibits intended to be introduced at the trial."[7] Failure to comply with this directive results in the party's inability to introduce the non-listed exhibit(s) at trial. Nevertheless, Defendant raises the possibility that it may have the ability to use the exhibits not listed in the proposed pre-trial order for certain purposes at trial. The Court now addresses each purpose for which the Defendant indicated it may wish to use non-listed exhibits.[8]

I.     IMPEACHMENT

To the extent a party intends to introduce an exhibit for impeachment purposes, but the exhibit was not disclosed to opposing counsel, the party seeking to introduce the exhibit is required, as stated in the pre-trial notice form, to file a motion for leave to file under seal the proposed impeachment exhibits and a memorandum explaining why they need not be disclosed under *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993). The Court's Scheduling Order also reflects that "[a]ny exhibits to be used solely for impeachment must be presented to the Court for in camera review."[9] The deadline for filing such motions and supporting memoranda and submitting exhibits for in camera review was April 25, 2016.[10] Because no undisclosed exhibits were submitted to the Court

---

[6] R. Doc. 86 at 1.
[7] R. Doc. 18-1 at 5.
[8] Though the motion was filed by Plaintiff to strike exhibits not listed in the proposed pre-trial order by the Defendant, this ruling applies equally to both parties to the extent a certain exhibit is not listed.
[9] R. Doc. 48 at 2 (Scheduling Chart, as of 3/1/16).
[10] R. Doc. 18-1 at 5 ("The deadline for filing these motions is the same as the pre-trial order."). *See also* R. Doc. 48 at 2 (Scheduling Chart, as of 3/1/16).

for in camera review by the April 25th deadline, such undisclosed exhibits cannot be used for any purpose at trial.

To the extent a party intends to introduce for impeachment purposes an exhibit that was disclosed to opposing counsel but not listed as an exhibit in the proposed pre-trial order, the exhibit may be introduced at trial if it satisfies the requirements of *Zapata*. If any party has such exhibits, the party is ordered to file with the Court the exhibits, along with a memorandum addressing *Zapata*, no later than **Wednesday, May 18, 2016, at 5:00 p.m.**

II.  REFRESHING RECOLLECTION

Defendant states that it may wish to use certain exhibits which are not listed in the proposed pre-trial order to refresh a witness's recollection at trial. Federal Rule of Evidence 612 governs the use of a writing to refresh a witness's memory.[11] Nothing in Rule 612 requires that a writing or document used to refresh a witness's recollection must be disclosed prior to trial or listed as an exhibit in the parties' proposed pre-trial order. In fact, certain courts have recognized that writings used to refresh a witness's recollection are not exhibits and need not be disclosed in advance of trial.[12] Other courts have recognized, however, that although Rule 612 does not require disclosure of writings that are intended to be used to refresh a witness's recollection in advance of trial, sound policy suggests that Rule 612 was not intended as an avenue for parties to conceal such writings

---

[11] FED. R. EVID. 612.
[12] *See, e.g., Davis v. Lakeside Motor Co., Inc.*, No. 3:0-CV-405JD, 2014 WL 1316945, at *11 (N.D. Ind. Mar. 31, 2014) (noting that "[a]ny exhibit not identified [in Pre-Trial Order] will be excluded from trial for all purposes other than impeachment or refreshing recollection"); *Jones v. Sheahan*, No. 99-C-3669, 01-C-1844, 2003 WL 22508171, at *11 (N.D. Ill. Nov. 4, 2003) ("[T]he Court made it clear that while the letters could not be used as marked exhibits (since they were not listed on the pretrial order), they could be used to refresh recollection or to impeach the witness if there first was established a basis to do so."); *D.L.B. v. Cabinet for Health and Family Servs.*, 418 S.W.3d 426, 431–32 (Ky. Ct. App. 2014) ("Yet, nothing in KRE 612 states that the writing used to refresh the witness's memory must be turned over in advance of trial as an exhibit . . . . Indeed, case law has established that the writing used to refresh is not to be considered as an exhibit.").

or documents until they are needed to refresh a witness's recollection at trial.[13] Neither the Fifth Circuit nor any district courts therein have addressed whether writings or documents that a party intends to use to refresh a witness's recollection must be listed in the pre-trial order as exhibits. To avoid surprise at trial, the Court will require advance disclosure of any such writings or documents. If either party intends to use any writings or documents not listed in the proposed pre-trial order to refresh a witness's recollection, the writings must be submitted to both the Court and opposing counsel no later than **Wednesday, May 18, 2016, at 5:00 p.m.** Even if the Court allows such writings to be used, they will not be admitted into evidence.

III. CONFIRMING FACTS NOT IN EVIDENCE

Defendant states that it may wish to use exhibits which are not listed in the proposed pre-trial to "confirm facts not otherwise in evidence to that point."[14] Defendant cites to no authority for this concept because there is none. Defendant will not be permitted to use and introduce exhibits not listed in the proposed pre-trial order solely to confirm facts not otherwise in evidence to that point.

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 13th day of May, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] *See, e.g., G.J.B. & Assocs., Inc. v. Singleton*, 913 F.3d 824, 831 (10th Cir. 1990) ("Admittedly, Fed.R.Evid. 612 requires only that such writings be produced at the hearing. But nothing in the rule suggests that an attorney may conceal the writings until ready to spring them on the court and opposing counsel in the midst of a witness' direct examination.").
[14] R. Doc. 86 at 1.