UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN** <br> **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY** <br> **Defendant** | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is Plaintiff Kevin Jordan's motion *in limine* to exclude the video deposition of Marti George as cumulative.[1] The motion is opposed.[2] For the reasons that follow, the motion is **DENIED**.

Defendant, ENSCO Offshore Company, has taken the depositions of both (1) Marti George, Plaintiff's former mother-in-law, and (2) Joanna Jordan, Plaintiff's ex-wife. Plaintiff maintains "[b]oth Mrs. Jordan and Ms. George testified that Plaintiff accidently injured his left index finger with a knife and then went to work."[3] Plaintiff thus argues that "Ms. George's testimony is the same as her daughter's" and should be excluded as cumulative. In the alternative, Plaintiffs seek to exclude Joanna Jordan's deposition testimony, essentially arguing that the Defendant should be limited to calling one or the other, but not both, at trial.

As Defendant points out, Marti George's deposition is "a mere 11 minutes long."[4] Furthermore, the Court finds the testimony of both Mrs. Jordan and Mrs. George may be needed by the Defendant, given that Mrs. Jordan and the Plaintiff are divorced and her testimony may be subject to attack based on her bias against the Plaintiff.[5] The exclusion

---

[1] R. Doc. 77.
[2] R. Doc. 85.
[3] R. Doc. 77-1 at 1.
[4] R. Doc. 85 at 1.
[5] *See* R. Doc. 85 at 1–3.

1

of neither Ms. George's nor Mrs. Jordan's testimony as cumulative is warranted. The Court takes this opportunity, however, to note that time at trial will be limited, so the parties must make every effort to use their trial time effectively and efficiently and to avoid cumulative testimony.

Additionally, in Plaintiff's reply brief, Plaintiff noted that the "meet and confer between counsel for Plaintiff and counsel for ENSCO unfortunately failed to reach an agreement to remove much of the colloquy in Mrs. Jordan's deposition."[6] As the Court expressed at the Pre-Trial Conference, *all* colloquy between counsel *must* be removed from the deposition testimony that will be played at trial, with no exception. To the extent colloquy between counsel remains in a witness's deposition testimony, the testimony may not be presented to the jury.

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 13th day of May, 2016.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 96-2 at 1.