UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY**<br>    **Defendant** | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is Plaintiff Kevin Jordan's motion *in limine* to exclude (1) evidence of Plaintiff's 2002 arson conviction, and (2) evidence of Plaintiff's subsequent arrest for being a felon in possession of a firearm.[1] The motion is opposed.[2] For the reasons that follow, the motion is **GRANTED**.

Plaintiff was arrested for felony arson in Wayne County, Mississippi, in 2002.[3] Plaintiff pleaded guilty and served two years in Mississippi state prison.[4] Plaintiff was released in 2004 and placed on probation for a period of six months.[5] Years later in 2012, Plaintiff was arrested for being a felon in possession of a firearm.[6] The charge was later dismissed.[7] Plaintiff seeks to exclude evidence of both his 2002 arson conviction and his 2012 arrest for being a felon in possession of a firearm.[8] Plaintiff argues that, with respect to his arson conviction, the conviction is more than 10 years old and its probative value is substantially outweighed by its prejudicial effect.[9] With respect to his arrest for being a felon in possession of a firearm, Plaintiff contends an arrest alone, without a conviction,

---

[1] R. Doc. 74.
[2] R. Doc. 83.
[3] R. Doc. 74-1 at 1; R. Doc. 74-2 at 3.
[4] R. Doc. 74-1 at 1; R. Doc. 74-2 at 3.
[5] R. Doc. 74-1 at 1; R. Doc. 74-2 at 3.
[6] R. Doc. 74-1 at 1; R. Doc. 74-2 at 2.
[7] R. Doc. 74-1 at 1; R. Doc. 74-2 at 2.
[8] *See generally* R. Doc. 74.
[9] R. Doc. 74-1 at 1–2.

1

has no probative value whatsoever.[10] Defendant, in response, contends that Plaintiff's arson conviction is relevant to "the issues of future lost wages and employability."[11] The Defendant, however, does not respond to Plaintiff's motion insofar as it addresses his 2012 arrest for being a felon in possession of a firearm.[12]

I.  2002 ARSON CONVICTION

Federal Rule of Evidence 609(b) provides:

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,] [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

The Fifth Circuit has interpreted Rule 609(b) to mean that "the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect."[13] For convictions more than 10 years old, "[t]he general rule is inadmissibility."[14] "Convictions should be admitted under Rule 609(b) 'very rarely and only in exceptional circumstances.'"[15] Plaintiff pleaded guilty to felony arson in 2002, was released from prison in 2004, and completed a 6-month term of probation at some point in 2005.[16] More than 10 years have passed since Plaintiff's conviction, his release from confinement, and the end of his term of probation. Thus, under Rule 609(b), the conviction is inadmissible unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."[17]

---

[10] R. Doc. 74-1 at 3.
[11] R. Doc. 83 at 1–2.
[12] *See* R. Doc. 83.
[13] *United States v. Hamilton*, 48 F.3d 149, 154 (5th Cir. 1995).
[14] *Id.* (citing *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993)).
[15] *McIntyre v. Bud's Boat Rentals, LLC*, No. Civ.A. 02-1623, 2003 WL 22174236, at *3 (E.D. La. Sept. 9, 2003) (quoting *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (quoting congressional report)).
[16] *See* R. Doc. 74-1 at 1; R. Doc. 74-2 at 3.
[17] *See* FED. R. EVID. 609(b).

The Defendant argues that Plaintiff's arson conviction is "relevant to the issues of future lost wages and employability."[18] According to the Defendant, "despite the fact that more than 10 years have passed since the Plaintiff's conviction for arson, such evidence is admissible because Plaintiff is making a claim regarding his future employability and for future lost wages."[19] Defendant implies that the conviction is relevant because it may limit the future employment options available to the Plaintiff. Defendant's argument fails for a number of reasons. First, Defendant fails to even address whether the probative value of Plaintiff's arson conviction outweighs the danger for unfair prejudice, irrespective of whether the conviction may be "relevant" to an issue in this case. Second, even if Defendant had addressed whether the probative value of Plaintiff's conviction outweighed the danger of unfair prejudice, the Court disagrees with such an argument. As noted above, the Fifth Circuit has held that "[c]onvictions should be admitted under Rule 609(b) 'very rarely and only in exceptional circumstances.'"[20] Even if Plaintiff's conviction may be relevant to his claim for "future lost wages," the probative value of the conviction does not outweigh the danger of unfair prejudice. Evidence of Plaintiff's 2002 arson conviction is excluded from trial.

II.   2012 ARREST FOR BEING A FELON IN POSSESSION OF A FIREARM

Plaintiff also seeks to exclude evidence of his 2012 arrest for being a felon in possession of a firearm. Defendant does not oppose the exclusion of this evidence.[21] Moreover, the Court notes that Plaintiff was never convicted of the crime of being a felon in possession, having only been arrested and then released. "The mere fact that a man has

---

[18] R. Doc. 83 at 1.
[19] R. Doc. 83 at 1.
[20] *McIntyre v. Bud's Boat Rentals, LLC*, No. Civ.A. 02-1623, 2003 WL 22174236, at *3 (E.D. La. Sept. 9, 2003) (quoting *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (quoting congressional report)).
[21] *See generally* R. Doc. 83.

been arrested has very little, if any, probative value . . . . When formal charges are not filed against the arrested person and he is released without trial, whatever probative force the arrest may have had is normally dissipated."[22] The circumstances behind Plaintiff's 2012 arrest and subsequent release are unknown, though it is clear that the arrest did not lead to a conviction. Plaintiff's arrest in and of itself has no probative value. Evidence of Plaintiff's 2012 arrest for being a felon in possession of a firearm is excluded from trial.

**IT IS SO ORDERED.**

**New Orleans, Louisiana, this 16th day of May, 2016.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] *McIntyre*, 2003 WL 22174236, at *4 (internal quotation marks omitted) (quoting *Schware v. Board of Bar Examiners of the State of New Mexico*, 353 U.S. 232, 241 (1957)).