UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY**<br>**Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff Kevin Jordan's motion *in limine* to exclude evidence of his July 22, 2014 drug test results. The motion is opposed. For the reasons that follow, the motion is **GRANTED**.

The accident that is the subject of this lawsuit occurred on March 3, 2013. Plaintiff took a post-accident drug test on March 6, 2013.[1] The results of the March 6th drug test were negative.[2] More than a year later on July 22, 2014, Plaintiff was again administered a drug test.[3] The results of the July 22nd drug test were "diluted."[4] Plaintiff moves to exclude his July 22, 2014 drug test results on several grounds. First, Plaintiff argues the July 22nd results are irrelevant, as it is clear from the results of his March 6, 2013 drug test that he was not on drugs at the time of the March 3, 2013 accident.[5] Second, Plaintiff argues that his July 22, 2014 drug test results are unfairly prejudicial and will confuse and mislead the jury.[6] Third, Plaintiff contends the July 22, 2014 drug test results should be excluded because the results were "diluted," and the Defendant has not retained an expert toxicologist who can testify as to the meaning or significance of a diluted drug test.[7]

---

[1] R. Doc. 76-2 at 1 (Exhibit A, 3/6/13 drug test results).
[2] *Id.*
[3] R. Doc. 76-3 at 1 (Exhibit B, 7/22/14 drug test results).
[4] *Id.*
[5] R. Doc. 76-1 at 1–2.
[6] *Id.* at 2.
[7] *Id.* at 2–3.

1

The Court recently considered this very issue in *Howard v. Offshore Liftboats, et al.*[8] In *Howard*, the plaintiffs sought to introduce evidence of a defense witness's "diluted" drug test results to impeach the witness's credibility.[9] The defendants objected to the admissibility of the diluted drug test results prior to trial.[10] The defendants argued that the results were inadmissible because the plaintiffs had not retained an expert witness who "prepared a report in connection with testifying regarding . . . the meaning of 'dilute.'"[11] The Court sustained the defense objection, finding that the "diluted drug test results would have to be interpreted by an expert witness to be helpful to the jury."[12] The Court further noted that, because the plaintiffs had "no expert qualified to testify on the meaning and significance of . . . 'diluted' drug test results," the results were inadmissible.[13]

The same result is warranted in this case. The Defendant seeks to introduce evidence of Plaintiff's July 22, 2014 diluted drug test results, but the Defendant has not retained an expert qualified to testify as to the meaning and/or significance of diluted drug test results. The Defendant argues, contrary to the Court's reasoning in *Howard*, that expert testimony simply is not needed to "interpret the Plaintiff's diluted drug screen."[14] The Court disagrees. Without such expert testimony, evidence of Plaintiff's diluted drug test results would not be helpful to the jury. For that reason, Plaintiff's July 22, 2014 drug test results are excluded from trial.

**IT IS SO ORDERED.**

---

[8] *Howard v. Offshore Liftboats, et al.*, No. 13-CV-4811, R. Doc. 724 at 5.
[9] *Id.*
[10] *Howard v. Offshore Liftboats, et al.*, No. 13-CV-4811, R. Doc. 600 at 5.
[11] *Id.*
[12] *Howard v. Offshore Liftboats, et al.*, No. 13-CV-4811, R. Doc. 724 at 5.
[13] *Id.*
[14] R. Doc. 84 at 1.

**New Orleans, Louisiana, this 16th day of May, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**