UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN JORDAN,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 15-1226 |
| ENSCO OFFSHORE COMPANY,<br>    Defendant | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is Plaintiff Kevin Jordan's objection to a designation of Justin Clifton's deposition.[1] For the following reasons, the objection is **SUSTAINED**.

Plaintiff's sole objection to the designations of Justin Clifton's deposition is to Page 29, line 16, through Page 30, line 4.[2] This excerpt of Mr. Clifton's deposition is as follows:

> Q. Okay. If I would tell you that Mr. Jordan did not report that there was a burr or a wire strand on the cable on the air hoist that caused his hand to be injured at 9:00 o'clock on March 3rd, what happens, as far as the safety of the other men, until he reports it at 6:00 a.m. the next morning?
>
> A. Possibly --
>
>     MR. ADAMS: Objection. Calls for speculation.
>
> Q. (BY MR. SCHWARTZ) What happens if no one else knows about the injury?
>
> A. Hurt somebody else.
>
> Q. It could hurt somebody else, correct?
>
> A. Yes, sir.[3]

Plaintiff argues the foregoing testimony should be excluded because it amounts to speculation and is confusing.[4] Plaintiff notes: "In this case, counsel for Defendant asked

---

[1] R. Doc. 122.
[2] *See* R. Doc. 122-1 at 1–2.
[3] R. Doc. 122-1 at 8; R. Doc. 122-2.
[4] R. Doc. 122 at 1.

1

a hypothetical and highly confusing question which called for Mr. Clifton to guess or speculate an answer."[5]

Federal Rule of Evidence 701 provides: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Mr. Clifton is a fact witness, having worked alongside the Plaintiff as a fellow floorhand for ENSCO.[6] Mr. Clifton did not witness the accident-in-question, though he did observe the wound to Plaintiff's finger the next day.[7] Mr. Clifton's testimony is useful only to provide insight into the nature of Plaintiff's job as a floorhand, the duties and responsibilities that go along with being a floorhand and working offshore, and the extent of Plaintiff's injury. Mr. Clifton's testimony does not qualify as admissible lay opinion testimony under Federal Rule of Evidence 701 because it is not rationally based on his perception and it will not be helpful to understanding a fact in issue because of its confusing and speculative nature.

Accordingly;

Plaintiff's objection to Page 29, line 16, through Page 30, line 4, of Justin Clifton's deposition is **SUSTAINED**. This portion of Mr. Clifton's video deposition is excluded.

**IT IS SO ORDERED.**

**New Orleans, Louisiana, this 18th day of May, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 122 at 1.
[6] R. Doc. 69 at 2.
[7] R. Doc. 122-1 at 4.