# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN,**         Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY,**         Defendant | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court are Defendant ENSCO Offshore Company's objections to certain trial exhibits.[1] The Defendant objects to Exhibits 44 through 58. The Court rules on the objections as follows.

- E<small>XHIBIT</small> 44

    This exhibit has been withdrawn. The objection is **OVERRULED AS MOOT**.

- E<small>XHIBIT</small> 45

    This exhibit has been withdrawn. The objection is **OVERRULED AS MOOT**.

- E<small>XHIBIT</small> 46

    This exhibit has been withdrawn. The objection is **OVERRULED AS MOOT**.

- E<small>XHIBIT</small> 47

    This exhibit has been withdrawn. The objection is **OVERRULED AS MOOT**.

- E<small>XHIBIT</small> 48

    This exhibit has been withdrawn. The objection is **OVERRULED AS MOOT**.

- E<small>XHIBIT</small> 49

    Exhibit 49 consists of two Facebook postings by Joanna Jordan (KFJ000405, KFJ000409) and screenshots of a number of text messages (KFJ000406-408).

---

[1] R. Doc. 132.

1

    a. <u>KFJ000405</u>

The Facebook post Bates labeled KFJ000405 is admissible. In this Facebook post, Ms. Jordan commented that she was "calling ensco right now and taking them up on their offer." During her deposition, Ms. Jordan acknowledged that she created this Facebook post, and counsel had an opportunity at that time to discuss the post with Ms. Jordan and to cross-examine her with respect to it. The objection with respect to the Facebook post that is Bates labeled KFJ000405 in Exhibit 49 is **OVERRULED**.

    b. <u>KFJ000406-408</u>

The text messages Bates labeled KFJ000406-408 are inadmissible. When asked at her deposition, Ms. Jordan did not remember sending these text messages or being involved in the conversation. The objection with respect to the text messages Bates labeled KFJ000406-408 in Exhibit 49 is **SUSTAINED**.

    c. <u>KFJ000409</u>

The Facebook post Bates labeled KFJ000409 in Exhibit 49 is identical to Exhibit 50. For the reasons stated below with respect to Exhibit 50, this Facebook post is inadmissible, and the Defendant's objection to it is **SUSTAINED**.

➢ EXHIBIT 50

Exhibit 50 is an excerpt of a Facebook conversation between Joanna Jordan and a number of other individuals. Plaintiff represents that the conversation is significant because in it Joanna Jordan "identified her ex-husband as a victim of molestation."[2] According to Plaintiff, this conversation shows Ms. Jordan's character: "She carelessly or callously exposed a very personal and painful experience of her husband simply to garner attention." Having reviewed the exhibit, the Court finds that the exhibit is irrelevant to

---

[2] R. Doc. 148 at 2.

any issues in this case and has minimal probative value. Exhibit 50 is inadmissible. The Defendant's objection to Exhibit 50 is **SUSTAINED**.

- EXHIBIT 51

This exhibit has been withdrawn. The objection is **OVERRULED AS MOOT**.

- EXHIBIT 52

This exhibit has been withdrawn. The objection is **OVERRULED AS MOOT**.

- EXHIBIT 53

Exhibit 53 is a draft of a Child Support and Property Settlement Agreement. This agreement was circulated between the Plaintiff and Joanna Jordan in the context of their divorce proceedings. Plaintiff argues the exhibit is relevant because it indicates that Ms. Jordan has an interest in the outcome of these proceedings. The agreement was not signed by either party. Moreover, the agreement in the bench books is merely a draft, and there is no evidence as to whether it ever took effect. Exhibit 53 is inadmissible. The objection to this exhibit is **SUSTAINED**.

- EXHIBIT 54

Exhibit 54 is a screenshot of Joanna Jordan's Facebook post in which she said she was "calling ensco right now and taking them up on their offer." This exhibit is identical to the Facebook post Bates labeled KFJ000405 in Exhibit 49, which the Court ruled is admissible. For the reasons stated above with respect to Exhibit 49, Bates label KFJ000405, the objection is **OVERRULED**.

- EXHIBIT 55

Exhibit 55 is identical to Exhibit 50. It is the Facebook conversation involving Joanna Jordan and other unidentified individuals. For the reasons stated above with

respect to Exhibit 50, this Facebook conversation is inadmissible. The Defendant's objection to Exhibit 55 is **SUSTAINED**.

- ➢ EXHIBIT 56

Exhibit 56 is a screenshot of Joanna Jordan's Facebook page and, specifically, an image with the caption: "Pull up to my ex wit my feelings missing!!!" Ms. Jordan admitted in her deposition that she posted this image to her Facebook page. Counsel had an opportunity at that time to discuss the post with Ms. Jordan and to cross-examine her with respect to it. This exhibit is admissible, and the objection is **OVERRULED**.

- ➢ EXHIBIT 57

Exhibit 57 is a 103-page printout of Ms. Jordan's Facebook page. Plaintiff has withdrawn a majority of this exhibit and now seeks to introduce only two pages of Exhibit 57, specifically the pages Bates labeled KFJ000461 and KFJ000464. These pages in Exhibit 57 were discussed with Ms. Jordan during her deposition. Ms. Jordan acknowledged having created the Facebook posts on the pages Bates labeled KFJ000461 and KFJ000464. These pages of Exhibit 57 are admissible, but only with respect to the Facebook comments from Ms. Jordan. Because comments from other Facebook users are also present on the pages Bates labeled KFJ000461 and KFJ000464, those comments must be redacted before the pages can be shown to the jury and introduced into evidence.

- ➢ EXHIBIT 58

This exhibit has been withdrawn. The objection is **OVERRULED AS MOOT**.

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 19th day of May, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**