# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY,**<br>    Defendant | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff Kevin Jordan's objection to a designation of Forrest Phelps's deposition.[1] For the following reasons, the objection is **OVERRULED**.

Plaintiff's sole objection to the designations of Justin Clifton's deposition is to Page 35, line 8, through Page 36, line 15.[2] This excerpt of Mr. Phelps's deposition is as follows:

> Q. All right. Do you remember Kent Killion, the day after Kevin Jordan claims that he injured his hand on the rig, addressing in the pretour meeting, that no matter how minor the injury, it has to be reported right away?
>
> > MR. ADAMS:
> >     Objection, hearsay
>
> > THE WITNESS:
> >     Yes.
>
> EXAMINATION BY MR. SCHWARTZ:
>
> Q. Did you attend that pretour meeting?
>
> A. I did attend the pretour meeting.
>
> Q. Okay. And you heard him say that?
>
> A. Yes.
>
> > MR. ADAMS:
> >     Objection. Hearsay.

---

[1] R. Doc. 120.
[2] *See id.*

1

> MR. SCHWARTZ:
> Your objection's to hearsay? Is that correct?
>
> MR. ADAMS:
> He's testifying what he heard somebody else say
>
> MR. SCHWARTZ:
> Well, he attended the meeting. It's not what somebody else said. It's something he's required to attend everyday and he heard it happen. So, yes, I believe that's not hearsay. I think the objection --
>
> MR. ADAMS:
> I maintain my objection.
>
> MR. SCHWARTZ:
> I understand. I appreciate that.[3]

Plaintiff argues the foregoing testimony should be excluded because it is hearsay.[4] The Court disagrees. The statement is not being offered to prove the truth of the matter asserted, *i.e.*, the truth of what Mr. Killion stated during the pretour meeting. Rather, the statement is being offered to establish that the statement was in fact made, regardless of its truth.[5] This objected-to excerpt of Mr. Phelps's deposition is, by definition, not hearsay. The testimony is admissible, and the objection is **OVERRULED**.

**New Orleans, Louisiana, this 20th day of May, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[3] R. Doc. 120-1 at 11.
[4] R. Doc. 120 at 1–2.
[5] *See, e.g., Lott v. Forrest Cnty.*, No. 2:14-CV-131-KS-MTP, 2016 WL 1050296, at *1 (S.D. Miss. Mar. 16, 2016) ("Here, the statements Cooley is testifying to are not offered to prove the truth of the subject of the statements, but rather to prove that the statements were made, regardless of their truth. This portion of the deposition, then, is not inadmissible as hearsay.").