UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY,**<br>    **Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's motion *in limine* to exclude as cumulative the video depositions of Dr. Vivek Barclay and Darius Randall McGee, FNP.[1] Also before the Court is Plaintiff Kevin Jordan's motion *in limine* to exclude evidence of Plaintiff's alleged drug seeking behavior.[2] The motions are opposed.[3] For the reasons that follow, the motion to exclude the video depositions of Dr. Barclay and FNP McGee is **DENIED**, and the motion to exclude evidence of Plaintiff's alleged drug seeking behavior is **GRANTED**.

I.   VIDEO DEPOSITIONS OF DR. BARCLAY AND FNP MCGEE

Plaintiff argues that the depositions of Dr. Vivek Barclay and FNP Darius Randall McGee are cumulative of Karen Parker's deposition.[4] As a result, and because the depositions of Dr. Barclay and FNP McGee, combined, total 131 pages, but Karen Parker's deposition testimony only spans 54 pages, Plaintiff argues the Court should exclude "the 131 pages of testimony from Dr. Barclay and Mr. McGee in favor of the 54 pages from Ms. Parker."[5] The Defendant disagrees that the depositions are cumulative, noting that Dr. Barclay and FNP McGee treated the Plaintiff at a different clinic and over a different period of time than did Ms. Parker. Defendant also points out that all three depositions

---

[1] R. Doc. 73.
[2] R. Doc. 75.
[3] R. Docs. 82, 89.
[4] R. Doc. 73-1 at 1–2.
[5] R. Doc. 73-1 at 1–2.

1

are needed to establish that, at different times, Plaintiff sought medical treatment for right shoulder and back pain but never complained of an injury to or pain in his left index finger.[6] Having reviewed the parties' briefs and the depositions, the Court finds that the depositions are not cumulative.

II. ALLEGED DRUG SEEKING BEHAVIOR

The Defendant argues that the "Plaintiff has engaged in drug seeking behavior, manipulating and deceiving his treating physicians to obtain medication."[7] According to Defendant, evidence of Plaintiff's drug seeking behavior is relevant and should be presented to the jury. Defendant argues in support that Plaintiff's drug seeking behavior "goes to his credibility and . . . whether he has experienced pain and injury as he claims in this suit."[8] Plaintiff disagrees, arguing that the Court should exclude this evidence because it is "irrelevant, unfairly prejudicial, and not supported by expert testimony."[9]

Irrespective of any limited probative value it may have, evidence of Plaintiff's alleged drug seeking behavior is unfairly prejudicial and will not be allowed to go before the jury. Federal Rule of Evidence 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[10] Defendant has failed to establish that the probative value of any evidence of Plaintiff's alleged drug seeking behavior outweighs its prejudicial effect. Such evidence would unfairly prejudice the Plaintiff and distract the jury from the fundamental issues in this case, *i.e.*, whether

---

[6] *Id.*
[7] R. Doc. 89 at 4.
[8] *Id.* at 5.
[9] R. Doc. 75-1 at 1.
[10] FED. R. EVID. 403.

Plaintiff suffered injury on March 3, 2013 and, if so, to what extent. Evidence of Plaintiff's alleged drug seeking behavior is excluded from trial and may not be brought before the jury.

In accordance with the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible at trial, the following portions of the depositions of Dr. Barclay, FNP McGee, and FNP Parker are hereby excluded under this Order & Reasons and may not be presented to the jury at trial:[11]

| | |
|---|---|
| Dr. Barclay | • Page 15, line 23, through Page 16, line 5 <br> • Page 16, line 10, through Page 16, line 21 <br> • Page 19, line 6, through Page 19, line 9 <br> • Page 19, line 18, through Page 20, line 5 <br> • Page 24, line 5, through Page 24, line 12 <br> • Page 41, line 10, through Page 41, line 18 <br> • Page 42, line 17, through Page 45, line 14 <br> • Page 48, line 25, through Page 51, line 6 <br> • Page 75, line 12, through Page 92, line 5 |
| FNP McGee | • Page 17, line 10, through Page 20, line 9 <br> • Page 27, line 8, through Page 27, line 10 <br> • Page 32, line 7, through Page 32, line 10 |
| FNP Parker[12] | • Page 15, line 25, through Page 16, line 6 |

---

[11] Additional portions of these depositions may already have been deleted by agreement of the parties.

[12] Plaintiff filed a separate objection to a designation of FNP Karen Parker's deposition. *See* R. Doc. 123. The objection is to Page 45, line 24, through Page 46, line 16. This excerpt of Parker's deposition is excluded based on the Court's ruling herein. As a result, Plaintiff's objection to to Page 45, line 24, through Page 46, line 16, of Parker's deposition is **SUSTAINED**, as set forth herein.

|  | • Page 20, line 8, through Page 32, line 21 |
|---|---|
|  | • Page 37, line 13, through Page 37, line 16 |
|  | • Page 39, line 1, through Page 39, line 6 |
|  | • Page 39, line 16, through Page 43, line 25 |
|  | • Page 44, line 4, through Page 44, line 16 |
|  | • Page 44, line 24, through Page 45, line 1 |
|  | • Page 45, line 24, through Page 47, line 6 |
|  | • Page 47, line 24, through Page 48, line 25 |
|  | • Page 51, line 2, through Page 51, line 18 |
|  | • Page 52, line 17, through Page 52, line 18. |

## CONCLUSION

**IT IS ORDERED** that the motion *in limine* to exclude the video depositions of Dr. Barclay and FNP McGee as cumulative is **DENIED**.[13]

**IT IS FURTHER ORDERED** that the motion *in limine* to exclude evidence of Plaintiff's alleged drug seeking behavior is **GRANTED**, and the depositions of Dr. Barclay, FNP McGee, and FNP Parker are to be excerpted, as set forth above.[14]

**New Orleans, Louisiana, this 20th day of May, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 73.
[14] R. Doc. 75.

4