## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN,** | **CIVIL ACTION** |
|     Plaintiff | |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY,** | **SECTION: "E" (1)** |
|     Defendant | |

## ORDER AND REASONS

Before the Court are Plaintiff Kevin Jordan's objections to certain designations of Dr. Brandon Donnelly's deposition.[1] The objections are **SUSTAINED**, as set forth below.

I.    PAGE 21, LINE 14 – PAGE 22, LINE 3

Plaintiff's first objection to the designations of Dr. Donnelly's deposition is to Page 21, line 14, through Page 22, line 3. This excerpt reads:

> Q.    So a patient in litigation, do they have any possibility of some additional gain from having an injury that if they say they're in pain or it lasts longer, is there any potential for them to have gain out of that?
>
>     MR. ADAMS:
>         Object to the form of the question.
>
> EXAMINATION BY MR. SCHWARTZ:
>
> Q.    From your perspective as a doctor, do you understand that?
>
> A.    I mean, if they have more severe of an injury, I think they would potentially -- if it came down to a settlement, they would have more to gain from it, yeah.

Plaintiff objects to this excerpt of Dr. Donnelly's deposition on the basis that the testimony is speculative. Federal Rule of Evidence 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness

---

[1] R. Doc. 119.

1

has personal knowledge of the matter." The foregoing testimony of Dr. Donnelly is speculative and is not within Dr. Donnelly's personal knowledge or his area of expertise. This testimony is inadmissible, and the objection to it is **SUSTAINED**.

II.     PAGE 92, LINE 17 – LINE 25

Plaintiff's second objection is to Page 92, line 17, through Page 92, line 25. This excerpt reads:

> Q.     So certainly Dr. Melancon should have known this as well, correct?
>
> MR. ADAMS:
>        Object to the form of the questions.
>
> EXAMINATION BY MR. SCHWARTZ:
>
> Q.     He's part of your office.
>
> A.     I can't say if he should have known it or not.

Plaintiff again objects to this testimony as speculative. Plaintiff also argues that the testimony is vague. The Court finds the elicited testimony is speculative and is not within Dr. Donnelly's personal knowledge. As a result, this excerpt of Dr. Donnelly's deposition is inadmissible. The objection is **SUSTAINED**.

III.    PAGE 104, LINE 4 – LINE 11

Plaintiff's third objection is to Page 104, line 4, through Page 104, line 11. This excerpt reads:

> Q.     And certainly, if we're talking about litigation, if he demonstrates a lack of motion in the finger, that may help his case?
>
> MR. ADAMS:
>        Object to the form of the question.
>
> THE WITNESS:
>        Potentially, yeah.

Plaintiff objects on the basis that the foregoing testimony is speculative and would not be helpful to the jury. Again, the Court agrees. This excerpt is speculative. The elicited testimony is not within Dr. Donnelly's personal knowledge or his area of expertise. The testimony is inadmissible, and the objection is **SUSTAINED**.

IV. <u>PAGE 107, LINE 1 – LINE 9</u>

Plaintiff's fourth objection is to Page 107, line 1, through Page 107, line 9. This excerpt reads:

> Q. Or, perhaps, there's some alternative theory here that he's trying to show you something that exists for his lawsuit?
>
> MR. ADAMS:
> Object to the form of the question.
>
> EXAMINATION BY MR. SCHWARTZ:
>
> Q. Is that possible, Doctor?
>
> A. It's possible.

This testimony is objected to as speculative. The Court finds it is speculative and is, as a result, inadmissible. The testimony elicited is not within Dr. Donnelly's personal knowledge. The objection is **SUSTAINED**.

V. <u>PAGE 121, LINE 14 – LINE 22</u>

Plaintiff's fifth objection is to Page 121, lines 14 through Page 121, line 22. This excerpt reads:

> Q. Could be for somebody who would be pain seeking and trying to get drugs, correct?
>
> MR. ADAMS:
> Object to the form of the question.
>
> THE WITNESS:
> Or for anybody that you don't have a great cause of, you know, why they're having a particular pain.

This testimony is inadmissible as speculative. The testimony is also inadmissible pursuant to the Court's order excluding any evidence of Plaintiff's alleged drug seeking behavior.[2] The objection is **SUSTAINED**.

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 21st day of May, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See* R. Doc. 165.