UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN,**     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY,**     **Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court are both parties' objections to designations of Joanna Jordan's deposition.[1] The Court rules on the objections as follows.

## Plaintiff's Objections

I.  PAGE 33, LINE 8 – PAGE 34, LINE 6

Plaintiff objects to this excerpt of Joanna Jordan's deposition on the basis that it is inadmissible hearsay. The Court disagrees. This testimony is admissible as the statement of an opposing party under Rule 801(d)(2)(A) of the Federal Rules of Evidence. Under Rule 801(d)(2)(A), a statement that meets the following conditions is not hearsay: "The statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity." In this excerpt, Ms. Jordan recounts a statement made to her by the Plaintiff. Because the Defendant seeks to offer this testimony against the Plaintiff, and because the statement was made by Plaintiff individually to Ms. Jordan, the testimony is admissible under Rule 801(d)(2)(A). The objection to this excerpt of Ms. Jordan's deposition is **OVERRULED**.

II.  PAGE 35, LINE 9 – LINE 16

Plaintiff objects to this portion of Ms. Jordan's deposition on the basis of relevance. In this excerpt Ms. Jordan is asked by defense counsel whether the Plaintiff is current on

---

[1] R. Doc. 121; R. Doc. 133 at 3, 4.

1

his child support payments. This testimony is not relevant to any issues in this case. This testimony is not admissible. The objection is **SUSTAINED**.

III.   P<small>AGE</small> 36, L<small>INE</small> 4 – P<small>AGE</small> 38, L<small>INE</small> 2

Plaintiff objects to this designation of Ms. Jordan's testimony as hearsay. This designation is the statement of an opposing party and thus is not hearsay under Federal Rule of Evidence 801(d)(2)(A). The objection to hearsay is **OVERRULED**.

The Court finds, however, that a portion of this designation is irrelevant. Page 36, line 4 through line 21, concluding with "That's okay," is irrelevant and, as a result, is inadmissible. These lines of the deposition are excluded. The remainder of this designation, beginning with "What did he say to you" on Page 36, line 21, through Page 38, line 2, is admissible. The objection to relevance as to this testimony is **SUSTAINED**.

IV.   P<small>AGE</small> 40, L<small>INE</small> 17 – P<small>AGE</small> 45, L<small>INE</small> 25

This portion of Ms. Jordan's deposition testimony is objected to as hearsay. This objection is **SUSTAINED IN PART** and **OVERRULED IN PART**, as set forth below.

Page 40, line 18, through Page 41, line 5, is inadmissible hearsay. This testimony, where Ms. Jordan recounts statements made by Plaintiff's divorce attorney, does not qualify for any exception to or exclusion from the general hearsay rule.

Page 41, line 6, through Page 41, line 20, is admissible. This qualifies as the statement of an opposing party under Rule 801(d)(2)(A).

Page 41, line 21, through Page 43, line 2, is inadmissible. This testimony is irrelevant to any issues in this case and, even if relevant, is more prejudicial than probative. Moreover, this testimony is inadmissible pursuant to the Court's ruling on the motion *in limine* with respect to Plaintiff's alleged drug seeking behavior.[2]

---

[2] *See* R. Doc. 165.

Page 43, line 3, through Page 43, line 11, is admissible.

Page 43, line 12, through Page 44, line 10, is inadmissible hearsay. This testimony, where Ms. Jordan recounts statements made by Plaintiff's divorce attorney, does not qualify for any exception or exclusion from the general hearsay rule.

Page 44, line 11, is admissible.

Page 44, lines 12 through 15, is inadmissible hearsay.

Page 44, line 16, through Page 44, line 24, concluding with "I did not tell George," is admissible.

Page 44, line 24, starting with "because George told me . . . " to Page 45, line 5, is inadmissible hearsay.

Page 45, line 6, through Page 45, line 25 is admissible.

V. PAGE 46, LINE 8 – LINE 21

Plaintiff objects to this designation on the basis of relevance. In this portion of the deposition testimony, Ms. Jordan is questioned about Plaintiff's alleged snorting of Adderall and how he behaves after snorting it. This testimony is irrelevant to any issues in this case and, even if relevant, is more prejudicial than probative. Moreover, this testimony is inadmissible pursuant to the Court's ruling on the motion *in limine* with respect to Plaintiff's alleged drug seeking behavior.[3] The objection is **SUSTAINED**.

### Defendant's Objections

I. PAGE 55, LINE 16 – PAGE 57, LINE 3

Ms. Jordan is asked about certain text messages in this excerpt of her deposition. Defendant objects to the testimony on the basis that the messages shown Ms. Jordan were not and have not been authenticated. The Court agrees. The objection is **SUSTAINED**.

---

[3] *See* R. Doc. 165.

II.  PAGE 58, LINE 10 – PAGE 62, LINE 3

Defendant objects to this portion of Ms. Jordan's deposition, arguing that the documents presented to Ms. Jordan and discussed by her were not complete but were only partial screenshots of the actual documents. The objection is **OVERRULED**. This testimony is admissible. Ms. Jordan authenticated these documents during her deposition, and counsel had an opportunity to cross examine her at that time.

III.  PAGE 61, LINE 20 – PAGE 64, LINE 4

In this deposition excerpt Ms. Jordan is presented a series of Facebook screenshots and is asked various questions about them. Defendant objects to the testimony on the basis that there is no colloquy or argument about what is being shown to Ms. Jordan. The objection is **SUSTAINED IN PART** and **OVERRULED IN PART**, as set forth below.

This excerpt overlaps in part with Defendant's objection to Page 58, line 10, through Page 62, line 3. The Court found this excerpt admissible above. Therefore, Page 61, line 20, through Page 62, line 3, is admissible.

Page 62, line 4, through Page 62, line 17, is inadmissible. The documents shown to Ms. Jordan during this portion of her testimony were not authenticated.

Page 62, lines 18 and 19, is admissible.

Page 62, line 20, through Page 63, line 22, is inadmissible. The documents shown to Ms. Jordan during this portion of her testimony were not authenticated.

Page 63, line 23, through Page 64, line 4, is admissible.

IV.  PAGE 72, LINE 4 – PAGE 78, LINE 21

This testimony concerns a potential divorce settlement agreement between the Plaintiff and Ms. Jordan. Defendant objects to the testimony on the basis of relevance and

4

argues that the testimony is more prejudicial that probative. The objection is **SUSTAINED IN PART** and **OVERRULED IN PART**, as set forth below.

Page 72, line 4, through Page 74, line 8, is inadmissible. This testimony is not relevant to any issues in this case.

Page 74, line 9, through Page 74, line 21, is admissible.

Page 74, line 22, through Page 76, line 23, is inadmissible. This testimony is not relevant to any issues in this case.

Page 76, line 24, through Page 77, line 22, is admissible.

Page 77, line 23, through Page 78, line 21, is inadmissible. This testimony is not relevant to any issues in this case.

V.  PAGE 80, LINE 5 – PAGE 82, LINE 6

During this exchange, Ms. Jordan is shown a screenshot of a text message which is ostensibly from the cell phone of her then-boyfriend Charlie Rainey. Defendant objects to the testimony on the basis that Ms. Jordan did not have personal knowledge of the information and could not testify as to it. The objection is **SUSTAINED**, except as to Page 80, lines 6 and 7.

**IT IS SO ORDERED**.

New Orleans, Louisiana, this 21st day of May, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**