UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY,**<br>    **Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's motion for a permanent injunction.[1] In light of the Court's ruling excluding Plaintiff's July 22, 2014 diluted drug test results,[2] Plaintiff seeks an additional ruling from the Court enjoining the Defendant from making any reference to Plaintiff's July 22, 2014 diluted drug test results and the fact that he was sent in for a drug test.

Plaintiff identifies the following as warranting exclusion: (1) certain excerpts of Vernon Lacaze's deposition testimony, and (2) a portion of a related exhibit. Therefore, the Court treat's Plaintiff's motion as an objection to portions of Mr. Lacaze's deposition testimony and an objection to the exhibit, an incident report, in light of the Court's ruling on the diluted drug test results.[3] Plaintiff takes issue with Page 56, lines 1 through 8, and Page 88, lines 21 through 25, of the deposition. Plaintiff argues that these excerpts concern Plaintiff's July 22, 2014 diluted drug test, the results of which the Court has excluded. Plaintiff contends the Defendant has refused to redact parts of these deposition excerpts. Plaintiff makes a similar argument with respect to the document Bates labeled EOC-KFJ-000003, an incident report which is part of Exhibit 5 in the joint bench books. Plaintiff contends the Defendant is required, but has refused, to redact a particular

---

[1] R. Doc. 159.
[2] R. Doc. 137.
[3] R. Doc. 137.

1

sentence which addresses Plaintiff's July 22, 2014 drug test. The sentence reads: "Emp was sent in for drug screen if he passes he will be reinstated to his position." The Defendant maintains that neither the testimony of Mr. Lacaze nor the sentence in the incident report Bates labeled EOC-KFJ-000003 should be excluded. The Court rules on these issues as follows.

I. <u>LACAZE DEPOSITION – PAGE 56, LINE 1 – LINE 8</u>

   a. *Lines 1 – 4*

Lines 1 through 4 are admissible. This testimony is not excluded under the Court's ruling on Plaintiff's July 22, 2014 diluted drug test results.[4] The objection as to these lines is **OVERRULED**.

   b. *Lines 5 – 8*

The Defendant has agreed to redact these lines. However, the Plaintiff may decide whether to use lines 5 through 8 in light of the Court's overruling the objection to lines 1 through 4.

II. <u>LACAZE DEPOSITION – PAGE 88, LINES 21 – 25</u>

   a. *Lines 21 – 23*

Lines 21 through 23 are inadmissible. The testimony is speculative, confusing, and would not be helpful to the jury. Moreover, the testimony was elicited by a leading question of Plaintiff's counsel. The objection to these lines is **SUSTAINED**.

   b. *Lines 24 – 25*

The Defendant has agreed to redact these lines. They may not be used at trial.

---

[4] *See* R. Doc. 137.

### III. EXHIBIT 5, BATES LABEL EOC-KFJ-000003

Plaintiff objects to the sentence in this document which reads: "Emp was sent in for drug screen if he passes he will be reinstated to his position." The objection to this sentence is **OVERRULED**.

### IV. ADDITIONAL CONSIDERATION: EXHIBIT 6, BATES LABELS EOC-KFJ-0000044-45

In response to Plaintiff's motion, the Defendant identifies the documents Bates labeled EOC-KFJ-0000044-45 as being related to Plaintiff's diluted drug test. Bates label EOC-KFJ-0000044 is the actual drug test report, and Bates EOC-KFJ-0000045 is a related drug test form. These documents are excluded based on the Court's ruling excluding Plaintiff's July 22, 2014 diluted drug test results.[5] The objection to these documents is **SUSTAINED**.

**New Orleans, Louisiana, this 21st day of May, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 137.