UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN JORDAN,                                    CIVIL ACTION
     Plaintiff

VERSUS                                           NO. 15-1226

ENSCO OFFSHORE COMPANY,                          SECTION: "E" (1)
     Defendant

ORDER AND REASONS

Before the Court are Plaintiff Kevin Jordan's objections to certain trial exhibits.[1] Plaintiff objects to Exhibits 59 through 109. The Court rules on the objections as follows.

➤  EXHIBIT 59

Exhibit 59 is Plaintiff's medical records from Wayne General Hospital. This exhibit include Bates labels EOC-KFJ-559, 755 through 757, 825, 831 through 832, 834, and 919 through 950. Plaintiff's first objection to this exhibit is that the certification is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial. The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

Plaintiff objects to the pages Bates labeled EOC-KFJ-755 through 757. These records concern a 2007 incident in which he was hospitalized for an apparent drug overdose and suicide attempt. Defendant argues that these records are relevant because they are probative of Plaintiff's drug seeking behavior.[2] These documents are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug

---

[1] R. Doc. 131 and 155.
[2] The same argument is made by Defendant with respect to all pre-accident medical records.

seeking behavior is inadmissible.[3] The objection to the pages Bates labeled EOC-KFJ-755 through 757 is **SUSTAINED**.

Plaintiff objects to the pages Bates labeled EOC-KFJ-825, 831 through 832, and 834. Plaintiff argues these are records from a 2010 hospitalization for an apparent drug overdose. These documents are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[4] The objection to the pages Bates labeled EOC-KFJ-825, 831 through 832, and 834 is **SUSTAINED**.

➢ Exhibit 60

Exhibit 60 consists of medical records from a number of Wal-Mart pharmacies. The records are Bates labeled EOC-KFJ-951 through 960. Plaintiff objects to portions of the pages Bates labeled EOC-KFJ-952, 953 (first entry), 954-957, 958 (first two entries), and 959-960. The objection is that the records concern prescriptions issued to Plaintiff prior to the accident and are not relevant to any issues in this case. The Defendant's response is that the records reflect Plaintiff's attempts to get pain medication.  The pre-accident records in Exhibit 60, which are Bates labeled EOC-KFJ-952, 953 (first entry), 954-957, 958 (first two entries), and 959-960 are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[5] The objection to these portions of Exhibit 60 is **SUSTAINED**.

Plaintiff does not object to the pages Bates labeled EOC-KFJ-951, 953 (last two entries) and 958 (last 12 entries). The unobjected-to portions of these pages are admissible, and any objection to them is **OVERRULED**.

---

[3] *See* R. Doc. 165.
[4] *See* R. Doc. 165.
[5] *See* R. Doc. 165.

➢   EXHIBIT 61

The objection to this exhibit has been withdrawn.

➢   EXHIBIT 62

Exhibit 62 is medical records from the Houma Orthopedic Clinic. This exhibit includes Bates labels EOC-KFJ-1034 through 1052. Plaintiff's first objection is that the exhibit is cumulative because records from both Dr. Brett Casey and Dr. Christopher Cenac are included therein. The Plaintiff has agreed to withdraw all of Dr. Casey's records from Exhibit 62. The objection that the records in Exhibit 62 are cumulative is **OVERRULED**.

Plaintiff also objects to Exhibit 62 on the basis that the certification, Bates EOC-KFJ-1034, is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

➢   EXHIBIT 63

Exhibit 63 consists of medical records from Pontchartrain Orthopedics & Sports Medicine. It includes Bates labels EOC-KFJ-1053 through 1142. Plaintiff first argues that the records in this exhibit are cumulative of other doctors who will testify and whose records are included in the exhibit books. It appears that all pages found in the medical records from Pontchartrain were actually in the records of Drs. Donnelly and Melancon because the records were received by and relied upon by them. To the extent there is some overlap with other medical records, it does not appear to be substantial and no prejudice

appears to result to the Plaintiff as a result. The objection to the exhibits being cumulative is **OVERRULED**.

Plaintiff also argues that certain records in Exhibit 63 are not properly certified. Plaintiff was given notice that these medical records would be used as exhibits at the trial. The Plaintiff has not offered any evidence that the records are not authentic or lack trustworthiness. The objection to the certification is **OVERRULED**.

➢ EXHIBIT 64

The objection to this exhibit has been withdrawn.

➢ EXHIBIT 65

Exhibit 65 consists of seven (7) photographs taken of Plaintiff Kevin Jordan's hand during his deposition. The photographs are not Bates labeled. The photographs were taken by defense counsel on his cell phone. These photographs were not listed in the proposed pre-trial order. For that reason, the photographs are inadmissible. The objection to Exhibit 65 is **SUSTAINED**.

➢ EXHIBIT 66

Exhibit 66 includes Plaintiff's medical records from Forrest General Hospital. The exhibit includes Bates labels EOC-KFJ-1198, 1213 through 1214, 1219 through 1228, 1239 through 1243, 1247 through 1255, 1258, 1279, 1288-1299, and 1310 through 1340. Plaintiff's first objection to this exhibit is that the certification, Bates EOC-KFJ-1198, is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

Plaintiff also objects to the pages Bates labeled EOC-KFJ-1213 through 1214 and 1219 through 1228, noting that these medical records are from a four-wheeler accident that occurred in 2011 prior to the accident-in-question in this case. Plaintiff argues the exhibits are irrelevant and, even if relevant, are more prejudicial than probative. Defendant argues that these documents are evidence of Plaintiff's drug seeking behavior. These documents are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[6] The objection to the pages Bates labeled EOC-KFJ-1213 through 1214 and 1219 through 1228 is **SUSTAINED**.

Plaintiff extends similar objections to the pages Bates labeled EOC-KFJ-1239 through 1243, 1247 through 1255, 1258, and 1279. These records concern injuries Plaintiff suffered in 2012 and a toothache in February 2013.  Plaintiff argues the records are irrelevant and are more prejudicial than probative. These documents are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[7] The objection to the pages Bates labeled EOC-KFJ-1239 through 1243, 1247 through 1255, and 1258 is **SUSTAINED**.

Plaintiff objects to the pages Bates labeled EOC-KFJ-1310 through 1340. These records document Plaintiff's post-accident reports of chest pains and a panic attack. Plaintiff objects to them on the basis of relevance and that the information contained therein is more prejudicial than probative. The Court finds these records are relevant and are not unduly prejudicial. The objection to the pages Bates labeled EOC-KFJ-1310 through 1340 is **OVERRULED**.

---

[6] *See* R. Doc. 165.
[7] *See* R. Doc. 165.

➢ EXHIBIT 67

Exhibit 67 is a Mississippi Pharmacy report for prescription issued to the Plaintiff from March 17, 2015 through March 17, 2016. The report was attached as Exhibit 13 to Dr. Melancon's deposition. The report, however, was not listed as an exhibit in the proposed pre-trial order. The report may be used to refresh the memory of Dr. Melancon, if necessary, but may not be admitted into evidence. The objection is **SUSTAINED**.

➢ EXHIBIT 68

Exhibit 68 includes medical records from CARE Physical Therapy. It includes Bates labels EOC-KFJ-1358 through 1387. Plaintiff's sole objection to this exhibit is that the certification is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to this exhibit is **OVERRULED**.

➢ EXHIBIT 69

Exhibit 69 consists of medical records from the Plastic Surgery Center of Hattiesburg. This exhibit includes Bates labels EOC-KFJ-1388 through 1393. Plaintiff's first objection is that the certification is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff also argues that the "method or circumstances of preparation indicate a lack of trustworthiness." Plaintiff's argument is based, in part, on the fact that the report is dated January 29, 2014, when it should have been dated January 29, 2015. This error does not warrant exclusion. This obvious typographical error in the date of the report may be easily explained. Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has

not offered any evidence that the records are not authentic or are otherwise unreliable. The objection on this basis is **OVERRULED**.

➢ EXHIBIT 70

Exhibit 70 is Plaintiff's medical records from Southern Bone & Joint Specialists. Exhibit 70 includes Bates labels EOC-KFJ-1394 through 1446. Plaintiff's first objection to this exhibit is that the certification, Bates EOC-KFJ-1394, is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial. The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

Plaintiff further argues that the pages Bates labeled EOC-KFJ-1395 through 1437 are cumulative of Dr. Melancon's testimony. The Court disagrees and will not exclude these pages on that basis. The objection to the pages Bates labeled EOC-KFJ-1395 through 1437 is **OVERRULED**.

➢ EXHIBIT 71

Exhibit 71 consists of medical records from Waynesboro Family Medicine and Dr. Ross Sherman. The exhibit includes Bates labels EOC-KFJ-1447 through 1449. Plaintiff argues that these records are irrelevant and, even if relevant, are more prejudicial than probative. These medical records document treatment that the Plaintiff received in connection with a 2012 four-wheeler crash and a 2011 illness. This treatment occurred prior to the accident-in-question. These documents are inadmissible pursuant to the

Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[8] The objection to this exhibit is **SUSTAINED**.

➢ EXHIBIT 72

The objection to this exhibit has been withdrawn.

➢ EXHIBIT 73

Exhibit 73 includes medical records from Jennings American Legion Hospital. This exhibit consists of Bates labels EOC-KFJ-1473 through 1492. Plaintiff objects on the basis of relevance and argues that, even if relevant, the records are more prejudicial than probative. These records relate to an incident that occurred after the accident-in-question and are relevant. The Court also finds that the records are not more prejudicial than probative. The objection to Exhibit 73 is **OVERRULED**.

➢ EXHIBIT 74

Exhibit 74 consists of medical records from Jasper Medical Clinic. It includes Bates labels EOC-KFJ-1493 through 1535. Plaintiff's first objection to this exhibit is that the certification, Bates EOC-KFJ-1493, is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

Plaintiff also objects to the entirety of Exhibit 74 on the basis that it is cumulative of Karen Parker's testimony. This objection is without merit and is **OVERRULED**.

Plaintiff also specifically objects to the page Bates labeled EOC-KFJ-1498, which includes the observation of Dr. Cirilia Reyes that: "when I pulled his pants up I saw many

---

[8] *See* R. Doc. 165.

syringes, tucked inside his socks. When questioned about it, he said he bought it for his friend who is self injecting steroid[s]." This page is inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[9] Also inadmissible are the pages Bates labeled EOC-KFJ-1497 and 1499, the remaining pages of Dr. Reyes's report. These pages are irrelevant to any issues in this case. The objection to the pages Bates labeled EOC-KFJ-1497 through 1499 is **SUSTAINED**.

To address any remaining objections to Exhibit 74, the Court notes that it previously excluded Karen Parker's testimony on requests by the Plaintiff for increased dosages and Parker's testimony concerning Plaintiff's alleged abuse of Adderall.[10] To the extent the medical records in Exhibit 74 are related to these topics, they also are excluded. Counsel for Plaintiff and the Defendant are instructed to confer and to attempt to determine which records are admissible in light of the Court's ruling herein and the Court's ruling on the admissibility of portions of Karen Parker's deposition testimony. If counsel cannot reach an agreement, they are to notify the Court no later than **Monday, May 23, 2016**, at **8:30 a.m.**

➢ <u>EXHIBIT 75</u>

Exhibit 75 consists of medical records from the Laurel Pain Clinic. It includes Bates labels EOC-KFJ-1536 through 1577. Plaintiff's first objection to this exhibit is that the certification, Bates EOC-KFJ-1536, is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has not offered any evidence

---

[9] *See* R. Doc. 165.
[10] *See* R. Doc. 165 at 3−4.

that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

Plaintiff also objects to this exhibit in its entirety on the basis of relevance. Plaintiff further argues that, even if relevant, the medical records in Exhibit 75 are more prejudicial than probative. The Court disagrees. These medical records are relevant, and their probative value is not substantially outweighed by the danger of unfair prejudice. The objection on this basis is **OVERRULED**.

Plaintiff also objects to the exhibit on the basis that it is cumulative of Dr. Vivek Barclay's and Randy McGee's testimony. This objection is without merit and is **OVERRULED**.

➤ EXHIBIT 76

Exhibit 76 is an invoice from Pontchartrain Bone & Joint Clinic. The exhibit is not Bates labeled. The invoice is Exhibit 15 to Dr. Melancon's deposition. The invoice, however, was not listed as an exhibit in the proposed pre-trial order. The report may be used to refresh the memory of Dr. Melancon, if necessary, but may not be admitted into evidence. The objection is **SUSTAINED**.

➤ EXHIBIT 77

Exhibit 77 is medical records from the Alliance Health Center. This exhibit includes Bates labels EOC-KFJ-1597 through 1599, 1607 through 1608, 1618 through 1619, 1762, and 1802 through 1805. Plaintiff's first objection to this exhibit is that the certification, Bates EOC-KFJ-1597, is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has not offered any evidence that the

10

records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

Plaintiff also objects, specifically, to the pages Bates labeled EOC-KFJ-1598 through 1599, 1607 through 1608, 1618 through 1619, and 1762. Plaintiff argues that these pages are medical records relating to an incident prior to the accident in question and are irrelevant and prejudicial. These pages are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[11] The objection to the pages Bates labeled EOC-KFJ-1598 through 99, 1607 through 1608, 1618 through 1619, and 1762 is **SUSTAINED**.

Plaintiff also objects to the pages Bates labeled EOC-KFJ-1802 through 1805. Plaintiff argues that these pages are medical records relating to an incident prior to the accident in question and are irrelevant and prejudicial. These pages are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[12] The objection to the pages Bates labeled EOC-KFJ-1802 through 1805 is **SUSTAINED**.

➤ EXHIBIT 78

Exhibit 78 is Plaintiff's medical records from Lafayette General Medical Center. This exhibit includes Bates labels EOC-KFJ-1878, 1910 through 1924, 1929 through 1940. Plaintiff objects only to the pages Bates labeled EOC-KFJ-1929 through 1940. These records document treatment the Plaintiff received due to a 2010 accident involving a horse. This incident occurred prior to the March 3, 2013 accident-in-question. Plaintiff thus contends that the pages Bates labeled EOC-KFJ-1929 through 1940 are irrelevant

---

[11] *See* R. Doc. 165.
[12] *See* R. Doc. 165.

and are overly prejudicial. These pages are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[13] The objection to the pages Bates labeled EOC-KFJ-1929 through 1940 is **SUSTAINED**.

➢ EXHIBIT 79

Exhibit 79 consists of medical records from Southern Bone & Joint Specialists. This exhibit includes Bates labels EOC-KFJ-1961 through 1972. Plaintiff's first objection to this exhibit is that the records are not certified. Although a certification does not appear with the exhibit in the joint exhibit books, the Court finds that the records are certified. The Defendant notes that Plaintiff has in his possession a certification and, in fact, Plaintiff provided this certification to the Defendant. The purported certification is on the record at Record Document 115-2. If in fact this is the certification for the medical records from Southern Bone & Joint Specialists in Exhibit 79, the objection is **OVERRULED**. If the certification found at Record Document 115-2 if not the certification for these records, the parties should inform the Court at the conference on **Monday, May 23, 2016 at 8:30 a.m.**

Plaintiff also objects to the pages Bates labeled EOC-KFJ-1961-1971. Plaintiff argues that these pages do not concern the injury to Plaintiff's left index finger and, thus, are irrelevant. Even if relevant, Plaintiff argues the probative value of these pages is substantially outweighed by the danger of unfair prejudice. The Court disagrees. The pages Bates labeled EOC-KFJ-1961-1971 are related to an incident after the accident in question and are relevant.  Their probative value is not substantially outweighed by the danger of unfair prejudice. The objection on this basis is **OVERRULED**.

---

[13] *See* R. Doc. 165.

➢ EXHIBIT 80

Exhibit 80 consists of medical records from Christus Hospital – St. Elizabeth. This exhibit includes Bates labels EOC-KFJ-1978 through 2051. Plaintiff's first objection to this exhibit is that the certification, Bates EOC-KFJ-1978, is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

Plaintiff also objects to the exhibit, *in globo*, on the basis of relevance and that, even if relevant, the exhibit is more prejudicial than probative. These medical records concern treatment the Plaintiff received for neck, back, and shoulder sprains in 2010, prior to the accident-in-question. This exhibit is inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[14] The objection to Exhibit 80 is **SUSTAINED**.

➢ EXHIBIT 81

The objection to this exhibit has been withdrawn.

➢ EXHIBIT 82

Exhibit 82 consists of medical records from the Arthur E. Wood Medical Center. The exhibit includes Bates labels EOC-KFJ-2079, 2090, and 2092. Plaintiff objects to the pages Bates labeled EOC-KFJ-2090 and 2092. Plaintiff argues that these pages document treatment he received for gallstones and a twisted right knee, respectively. This treatment occurred prior to the accident-in-question. The pages Bates labeled EOC-KFJ-2090 and

---

[14] *See* R. Doc. 165.

2092 are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[15] The objection to Exhibit 82 is **SUSTAINED**.

➢    EXHIBIT 83

Exhibit 83 is Plaintiff's medical records from the Wesley Medical Center. The exhibit includes Bates labels EOC-KFJ-2094 through 2139.

Plaintiff first objects to the pages Bates labeled EOC-KFJ-2095 and 2096, noting that they were not included in the joint exhibit books. Defense counsel has indicated that the pages were intentionally omitted from the exhibit books, as those pages are not intended to be part of Exhibit 83. Thus, any objection to the pages Bates labeled EOC-KFJ-2095 and 2096 is **OVERRULED AS MOOT**.

Plaintiff also objects to the pages Bates labeled EOC-KFJ-2097 through 2107. According to Plaintiff, these pages document treatment the received for a right shoulder injury in 2011. This treatment occurred prior to the accident-in-question. Thus, Plaintiff contends the records are irrelevant and, even if they were relevant, they are more prejudicial than probative. The pages Bates labeled EOC-KFJ-2097 and 2107 are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[16] The objection to these exhibits is **SUSTAINED**.

Plaintiff objects to the pages Bates labeled EOC-KFJ-2108 through 2124 on similar grounds. Plaintiff notes that these pages concern treatment the Plaintiff received in 2012 for a shoulder injury. The pages Bates labeled EOC-KFJ-2108 and 2124 are inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[17] The objection to these exhibits is **SUSTAINED**.

---

[15] *See* R. Doc. 165.
[16] *See* R. Doc. 165.
[17] *See* R. Doc. 165.

The objection with respect to the pages Bates labeled EOC-KFJ-2125 through 2139 has been withdrawn.

➤   EXHIBIT 84

Exhibit 84 consists of medical records from Christus Spohn Hospital Corpus Christi – Shoreline. The exhibit includes Bates labels EOC-KFJ-2140 through 2142, 2146, and 2155. Plaintiff's first objection to this exhibit is that the certification, Bates EOC-KFJ-2140, is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

Plaintiff also objects to this exhibit on the basis of relevance and that its probative value is substantially outweighed by the danger of unfair prejudice. Plaintiff notes that the medical records which are Exhibit 84 concern treatment for a shoulder injury Plaintiff received in 2012, prior to the accident-in-question. Exhibit 84 is inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[18] The objection on the basis of relevance and unfair prejudice is **SUSTAINED**.

➤   EXHIBIT 85

Exhibit 85 consists of medical and treatment records from the Wood Group. The Bates labels in this exhibit are WG 00001 through WG 000014. These records concern post-accident treatment of the Plaintiff by Sandy Singles, the medic on board the ENSCO

---

[18] *See* R. Doc. 165.

8506 oil rig. Plaintiff contends these records are cumulative of Singles's testimony. This objection is without merit and is **OVERRULED**.

➢ <u>EXHIBIT 86</u>

Exhibit 86 is medical records from BC/BS of Texas. This exhibit includes Bates labels EOC-KFJ-3038 through 3058. Plaintiff's first objection to this exhibit is that the certification, Bates EOC-KFJ-3038, is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial. The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to the certification is **OVERRULED**.

Plaintiff's next objection is based on Federal Rule of Evidence 403. Plaintiff notes that the exhibit consists of spreadsheets with a number of entries which would confuse and mislead the jury and waste time. The Court finds that the exhibit is inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[19] The objection to Exhibit 86 on this basis is **SUSTAINED**.

➢ <u>EXHIBIT 87</u>

Exhibit 87 is medical records from Avoyelles Hospital. It includes Bates labels EOC-KFJ-3767 through 3785. These records document treatment the Plaintiff received for neck and back pain in 2010. Plaintiff argues the exhibit is irrelevant and, even if relevant, is more prejudicial than probative. This exhibit is inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[20] The objection to Exhibit 87 is **SUSTAINED**.

---

[19] *See* R. Doc. 165.
[20] *See* R. Doc. 165.

➢ EXHIBIT 88

Exhibit 88 is medical records from the Lady of the Sea General Hospital. It includes Bates labels EOC-KFJ-3919 through 3937. Plaintiff's sole objection to this exhibit is that the certification is defective because it does not comply with Federal Rules of Evidence 902(11) and 803(6)(A). Plaintiff was given notice that these medical records would be used as exhibits at the trial.  The Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objection to Exhibit 88 is **OVERRULED**.

➢ EXHIBIT 89

The objection to this exhibit has been withdrawn.

➢ EXHIBIT 90

Exhibit 90 includes Plaintiff's medical records from South Central Regional Medical Center. This exhibit consists of Bates labels EOC-KFJ-2175, 2178, 2182, 2184, 2227, 2229, 2332, 2334 through 2335, 2349 through 2380, 2641 through 2664, 2665 through 2687, 2738 through 2758, 2800 through 2808, 2858 through 2859, 2906, 2908, 2912, and 2915 through 2917. This exhibit, in its entirety, is inadmissible pursuant to the Court's ruling that evidence of Plaintiff's alleged drug seeking behavior is inadmissible.[21] The objection to this exhibit is **SUSTAINED**.

➢ EXHIBIT 91

The objection to this exhibit has been withdrawn.

➢ EXHIBIT 92

The objection to this exhibit has been withdrawn.

---

[21] *See* R. Doc. 165.

➢  EXHIBIT 93

The objection to this exhibit has been withdrawn.

➢  EXHIBIT 94

Exhibit 94 is Plaintiff's October 14, 2015 responses and supplemental responses to interrogatories propounded by ENSCO. Defendant seeks to use this exhibit as evidence of Plaintiff's prior statements or admissions. Federal Rule of Civil Procedure 33(c) provides: "An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence." Thus, "[t]he requirement that a *party* sign his interrogatory answers under oath is critical."[22] If interrogatory responses are not signed by the party but only by the party's attorney, the responses are unsworn, unverified, and amount only to statements of counsel. Such interrogatory responses are not admissible evidence at trial.[23] The interrogatory responses in Exhibit 94 are signed only by Plaintiff's counsel, not by the Plaintiff, and thus are not admissible. The objection to Exhibit 94 is **SUSTAINED**.

➢  EXHIBIT 95

Exhibit 95 is Plaintiff's October 14, 2015 responses and supplemental responses to ENSCO's requests for production. Plaintiff's responses are signed only by his counsel. For the reasons stated above with respect to Exhibit 94, Plaintiff's responses to ENSCO's requests for production are inadmissible. The objection to Exhibit 95 is **SUSTAINED**.

➢  EXHIBITS 96 – 99

Exhibits 96 through 99 are a number of Plaintiff's personnel files from companies for which he worked prior to ENSCO. Plaintiff's first objection to these exhibits is that the certifications are defective because they do not comply with Federal Rules of Evidence

---

[22] *Wagner v. Boh Bros. Const. Co., L.L.C.*, No. 11-2030, 2012 WL 3637392, at *4 (E.D. La. Aug. 22, 2012) (emphasis added).

[23] *See id.* (citations omitted) ("In this instance, Wagner's answer to Interrogatory No. 2 is not admissible as evidence of his alleged lying under oath (or for any other purpose) because he did not sign it under oath.").

902(11) and 803(6)(A). Plaintiff was given notice that these records would be used as exhibits at trial. Plaintiff has not offered any evidence that the records are not authentic or were prepared under circumstances indicating a lack of trustworthiness. The objections to Exhibits 96 through 99 on the basis that the certifications are defective are **OVERRULED**.

Plaintiff also argues that these exhibits are irrelevant because they consist of pre-ENSCO employment records. Even if relevant, Plaintiff argues the exhibits would mislead and confuse the jury and waste its time. In response, the Defendant indicates these exhibits are needed to cross examine the Plaintiff and show that he misrepresented his medical history in the employment applications and did not answer questions in the applications truthfully. It is apparent that these exhibits will be used only to impeach Plaintiff's character for truthfulness. Federal Rule of Evidence 608(b) provides: "[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness." Evidence that a witness lied on an employment application is probative of the witness's character for untruthfulness.[24] However, Plaintiff's pre-ENSCO personnel files, which allegedly included evidence of Plaintiff's untruthfulness, are extrinsic evidence of his character and cannot be introduced into evidence under Rule 608(b). The Defendant may, in cross-examining Plaintiff, ask whether he lied in his pre-ENSCO employment applications. If Plaintiff denies he was untruthful, the Defendant cannot then use the employment applications or personnel files

---

[24] *See, e.g., Brossette v. Swift Transp. Co.*, No. 07-0888, 2008 WL 4809411, at *9 (W.D. La. Oct. 29, 2008) (citations omitted).

in Exhibits 96 through 99 to impeach him, and the applications cannot be introduced as evidence of Plaintiff's character for untruthfulness.

Furthermore, Plaintiff's pre-ENSCO personnel files also warrant exclusion under Federal Rule of Evidence 403. "Even if character evidence is deemed admissible under Rule 608(b), its admissibility is subject to Rule 403."[25] The Court finds that the personnel files in Exhibits 96 through 99, even if admissible as extrinsic evidence, would warrant exclusion under Rule 403. The probative value of Plaintiff's pre-ENSCO personnel files is minimal and is substantially outweighed by the danger of misleading and confusing the jury.

The objections to Exhibits 96 through 99 are **SUSTAINED**.

➤   EXHIBIT 100

Exhibit 100 consists of documents from the Texas Workforce Commission. The Court has already excluded these documents.[26] The objection thus is **SUSTAINED**.

➤   EXHIBIT 101

Exhibit 101 is ENSCO's answers to interrogatories propounded by Plaintiff. The answers are signed only by defense counsel, not by ENSCO's corporate representative, and thus amount only to statements of counsel. For the reasons stated above with respect to objection to Exhibit 94, the objection to this exhibit is **SUSTAINED**.

➤   EXHIBIT 102

Exhibit 102 is ENSCO's response to requests for production propounded by Plaintiff. The answers are signed only by defense counsel, not by ENSCO's corporate representative, and thus amount only to statements of counsel. For the reasons stated

---

[25] *United States v. Skelton*, 514 F.3d 433, 444 (5th Cir. 2008).
[26] *See* R. Doc. 138.

above with respect to the objection to Exhibit 94, the objection to this exhibit is **SUSTAINED**.

➢    EXHIBIT 103

Exhibit 103 is ENSCO's supplemental response to requests for production propounded by Plaintiff. The answers are signed only by defense counsel, not by ENSCO's corporate representative, and thus amount only to statements of counsel. For the reasons stated above with respect to Exhibit 94, the objection to this exhibit is **SUSTAINED**.

➢    EXHIBIT 104

Exhibit 104 is ENSCO's Corporate SHE Handbook. Plaintiff objects to this exhibit on the basis that portions of it are not relevant to this case. The objection is **OVERRULED** as to the pages that are relevant to the accident-in-question.  If the parties cannot agree on the relevant pages, they are to notify the Court no later than **Monday, May 23, 2016**, at **8:30 a.m.**

➢    EXHIBIT 105

The objection to this exhibit has been withdrawn.

➢    EXHIBIT 106

The objection to this exhibit has been withdrawn.

➢    EXHIBIT 107

The objection to this exhibit has been withdrawn.

➢    EXHIBIT 108

The objection to this exhibit has been withdrawn.

➢    EXHIBIT 109

The objection to this exhibit has been withdrawn.

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 22th day of May, 2016.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**