UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN,**     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY,**     Defendant | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is Defendant ENSCO Offshore Company's motion for clarification of the Court's Order & Reasons excluding evidence of Plaintiff's alleged drug seeking behavior.[1] Plaintiff Kevin Jordan was granted an opportunity to respond to the motion for clarification but has not done so.

On May 20, 2016, the Court granted Plaintiff's motion *in limine* to exclude evidence of Plaintiff's alleged drug seeking behavior.[2] The Defendant planned to argue at trial that the "Plaintiff has engaged in drug seeking behavior, manipulating and deceiving his treating physicians to obtain medication."[3] Fearing the Defendant would make such an argument to the jury, the Plaintiff filed a motion *in limine* seeking to exclude evidence of his alleged drug seeking behavior.[4] The Defendant opposed the motion, arguing that evidence of Plaintiff's alleged drug seeking behavior "goes to his credibility and . . . whether he has experienced any pain and injury as he claims in this suit."[5] The Court granted Plaintiff's motion, excluding evidence of Plaintiff's alleged drug seeking behavior and ruling that such evidence may not be brought before the jury. The Court reasoned

---

[1] R. Doc. 173. The instant motion seeks clarification of Record Document 165, the Order & Reasons granting Plaintiff's motion *in limine* to exclude evidence of Plaintiff's alleged drug seeking behavior.
[2] R. Doc. 165.
[3] R. Doc. 89 at 4.
[4] The motion *in limine* is on the record at Record Document 75.
[5] R. Doc. 89 at 5.

1

that such evidence would unfairly prejudice the Plaintiff and distract the jury from the fundamental issues in this case, *i.e.*, whether Plaintiff suffered injury on March 3, 2013 and, if so, to what extent.

Defendant now seeks clarification of the Court's ruling.

I. PRE-ACCIDENT

With respect to Plaintiff's pre-accident medical treatment, medical records, and alleged drug-seeking behavior, the Court refers the Defendant to its Order & Reasons on the motion *in limine*.[6] Pursuant to that ruling, the Defendant is precluded altogether from cross-examining Plaintiff on these issues or introducing related exhibits into evidence.

II. POST-ACCIDENT

With respect to Plaintiff's post-accident medical treatment and medical records, the Defendant may cross-examine the Plaintiff on (1) his visits to doctors' offices and hospitals, (2) the drugs he was prescribed, and (3) whether he accurately informed his doctors and other medical care providers of other doctors he was seeing and other medications he had been prescribed. The Defendant may not, however, question witnesses or elicit testimony about Plaintiff's alleged drug addiction or drug seeking behavior. This will allow the Defendant to adequately cross-examine the Plaintiff on his credibility and propensity toward truthfulness without delving into the excluded topic of Plaintiff's alleged drug seeking behavior.

**New Orleans, Louisiana, this 22nd day of May, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[6] *See* R. Doc. 165.