**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEVIN JORDAN,**<br>**Plaintiff** | **No. 15-1226** |
| **VERSUS** | **Section: "E" (1)** |
| **ENSCO OFFSHORE COMPANY**<br>**Defendant** | **CIVIL ACTION**<br>**JURY TRIAL** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

1. YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THIS CASE. IT IS YOUR DUTY TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU. YOU MUST APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

2. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

3. ANSWER EACH QUESTION FROM THE FACTS AS YOU FIND THEM. DO NOT DECIDE WHO YOU THINK SHOULD WIN AND THEN ANSWER THE QUESTIONS ACCORDINGLY. YOUR ANSWERS AND YOUR VERDICT MUST BE UNANIMOUS.

4. THE TESTIMONY OF THE WITNESSES AND OTHER EXHIBITS INTRODUCED BY THE PARTIES CONSTITUTE THE EVIDENCE. YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. THE STATEMENTS OF COUNSEL ARE NOT EVIDENCE; THEY ARE ONLY ARGUMENTS. IT IS IMPORTANT FOR YOU TO DISTINGUISH BETWEEN THE ARGUMENTS OF COUNSEL AND THE EVIDENCE ON WHICH THOSE ARGUMENTS REST. WHAT THE LAWYERS SAY OR DO IS NOT EVIDENCE. YOU MAY, HOWEVER, CONSIDER THEIR ARGUMENTS IN LIGHT OF THE EVIDENCE THAT HAS BEEN ADMITTED AND DETERMINE WHETHER THE EVIDENCE ADMITTED IN THIS TRIAL SUPPORTS THE ARGUMENTS. YOU MUST DETERMINE THE FACTS FROM ALL THE TESTIMONY THAT YOU HAVE HEARD AND THE OTHER EVIDENCE SUBMITTED. YOU ARE THE JUDGES OF THE FACTS, BUT IN FINDING THOSE FACTS, YOU MUST APPLY THE LAW AS I INSTRUCT YOU.

5. THE FACT THAT A PERSON HAS BROUGHT A LAWSUIT AND IS IN COURT SEEKING DAMAGES CREATES NO INFERENCE OR PRESUMPTION THAT

SUCH PERSON IS ENTITLED TO A JUDGMENT FOR ANY AMOUNT AT ALL. ANYONE MAY MAKE A CLAIM, AND THE FACT OF MAKING THE CLAIM BY ITSELF IN NO WAY TENDS TO ESTABLISH IT. LIKEWISE THE FACT THAT A DEFENDANT RAISES A DEFENSE CREATES NO INFERENCE OR PRESUMPTION THAT THE DEFENSE HAS MERIT.

6. DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

7. YOU ARE REQUIRED BY LAW TO DECIDE THE CASE IN A FAIR, IMPARTIAL, AND UNBIASED MANNER, BASED ENTIRELY ON THE LAW AND ON THE EVIDENCE PRESENTED TO YOU IN THE COURTROOM. YOU MAY NOT BE INFLUENCED BY PASSION, PREJUDICE, OR SYMPATHY YOU MIGHT HAVE FOR THE PLAINTIFF OR THE DEFENDANT IN ARRIVING AT YOUR VERDICT.

8. THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR SITUATIONS IN LIFE. A CORPORATION HAS THE SAME RIGHT TO A FAIR TRIAL AS DOES A PRIVATE INDIVIDUAL. ALL PERSONS AND CORPORATIONS STAND EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN THE COURT OF JUSTICE.

9. YOU MUST ANSWER ALL QUESTIONS FROM A PREPONDERANCE OF THE EVIDENCE. A PREPONDERANCE OF THE EVIDENCE SIMPLY MEANS EVIDENCE THAT PERSUADES YOU THAT THE PLAINTIFF'S CLAIMS ARE MORE LIKELY TRUE THAN NOT TRUE.

IN DECIDING WHETHER ANY FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF THE PROOF FAILS TO ESTABLISH ANY ESSENTIAL PART OF THE PLAINTIFF'S CLAIMS BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

10. THE EVIDENCE YOU ARE TO CONSIDER CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE DOCUMENTS AND OTHER EXHIBITS ADMITTED INTO EVIDENCE, AND ANY FAIR INFERENCES AND REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

11. ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO MEMORY. IF YOUR MEMORY SHOULD DIFFER FROM YOUR NOTES, THEN YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. A JUROR WHO HAS NOT TAKEN NOTES SHOULD RELY ON HIS OR HER OWN INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

12. THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THE CASE. ONE IS DIRECT EVIDENCE—SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE—THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

13. EVIDENCE THAT AN ACT WAS DONE AT ONE TIME OR ON ONE OCCASION IS NOT ANY EVIDENCE OR PROOF WHATSOEVER THAT THE ACT WAS DONE IN THIS CASE. THEN, HOW MAY YOU CONSIDER EVIDENCE OF

SIMILAR ACTS? YOU MAY CONSIDER EVIDENCE OF SIMILAR ACTS FOR THE LIMITED PURPOSE OF SHOWING PLAINTIFF KEVIN JORDAN'S ABSENCE OF MISTAKE OR ACCIDENT, WHICH IS AT ISSUE IN THIS CASE. SUCH EVIDENCE MAY NOT BE CONSIDERED FOR ANY OTHER PURPOSE WHATSOEVER. YOU MAY NOT USE THE EVIDENCE TO CONSIDER OR REFLECT KEVIN JORDAN'S CHARACTER.

14. IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING THE TRIAL.

15. YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO

DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

16. THE INTEREST OF A WITNESS IN THE OUTCOME OF A SUIT, WHETHER SUCH INTEREST IS BY REASON OF RELATIONSHIP, FINANCIAL OR OTHERWISE, MAY HAVE THE EFFECT OF LESSENING THE VALUE OF SUCH WITNESS'S TESTIMONY.

17. IF THE PLAINTIFF OR ANY OTHER WITNESS IS FOUND TO BE UNTRUTHFUL OR HAS BEEN DISCREDITED, YOU HAVE THE RIGHT TO DISTRUST AND REJECT ALL OF THE TESTIMONY GIVEN BY THAT PERSON IN ANY AND ALL PARTICULARS.

18. IT IS YOUR DUTY TO DETERMINE THE CREDIBILITY OF THE WITNESSES, AND IT IS YOUR DUTY TO DETERMINE HOW MUCH WEIGHT YOU SHOULD GIVE THE TESTIMONY OF THE WITNESSES. IN THIS RESPECT, YOU MAY TAKE INTO CONSIDERATION THE PROBABILITY OR IMPROBABILITY OF THE STATEMENTS OF THE WITNESSES, THEIR OPPORTUNITIES FOR KNOWLEDGE OF THE FACTS TO WHICH THEY TESTIFY, THEIR RELIABILITY IN NOTING AND REMEMBERING FACTS, THEIR DEMEANOR ON THE WITNESS STAND, THE INTEREST OR LACK OF INTEREST THEY MAY HAVE IN THE CASE, THEIR RELATIONSHIP WITH EITHER THE PLAINTIFF OR DEFENDANT AND EVERY CIRCUMSTANCE SURROUNDING THE GIVING OF THEIR TESTIMONY WHICH MAY AID IN WEIGHING THEIR

STATEMENTS. IF YOU BELIEVE THAT ANY WITNESS IN THE CASE HAS WILLFULLY AND DELIBERATELY TESTIFIED FALSELY TO ANY MATERIAL FACT FOR THE PURPOSE OF DECEIVING YOU, THEN YOU ARE JUSTIFIED IN DISREGARDING THE ENTIRE TESTIMONY OF SUCH WITNESS AS PROVING NOTHING, AND AS NOT WORTHY OF BELIEF. YOU HAVE THE RIGHT TO ACCEPT AS TRUE, OR REJECT AS FALSE, THE TESTIMONY OF ANY WITNESS, IN WHOLE OR IN PART, AS YOU ARE IMPRESSED WITH HIS OR HER VERACITY.

19. EVEN THOUGH A WITNESS MAY BE A PARTY TO THE ACTION AND THEREFORE INTERESTED IN ITS OUTCOME, THE TESTIMONY MAY BE ACCEPTED IF IT IS NOT CONTRADICTED BY DIRECT EVIDENCE OR BY ANY INFERENCE THAT MAY BE DRAWN FROM THE EVIDENCE, IF YOU BELIEVE THE TESTIMONY.

20. THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE, YOU BELIEVE THAT SINGLE WITNESS.

21. CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU DURING THE COURSE OF THE TRIAL THROUGH DEPOSITIONS. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED OF A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS

CANNOT BE PRESENT AT TRIAL TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'S TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. THUS, SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESSES UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS WERE READ OR SHOWN TO YOU DURING THE COURSE OF THE TRIAL. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND IS TO BE WEIGHED AND OTHERWISE CONSIDERED BY YOU IN THE SAME WAY, INSOFAR AS THAT IS POSSIBLE, AS IF THE WITNESSES HAD BEEN PRESENT IN COURT AND HAD TESTIFIED FROM THE WITNESS STAND.

22. DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD OBJECTIONS TO THE EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION. UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED

BEFORE, YOU THE JURY ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE. WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER.

23. WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD—WHO IS CALLED AN EXPERT WITNESS—IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

24. IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING, OR FROM EVIDENCE THAT HE OR SHE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND THAT INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF THE WITNESS'S INCOME.

25. THE WEIGHT WHICH IS TO BE ASSIGNED TO THE TESTIMONY OF EXPERTS IS TO BE ASCERTAINED BY THE QUALIFICATIONS AND EXPERIENCE OF THE WITNESS AS WELL AS THE MATERIALS AND CIRCUMSTANCES UPON WHICH HIS OR HER OPINION IS GROUNDED.

26. YOU MAY DISREGARD THE TESTIMONY OF AN EXPERT, IF THAT TESTIMONY LACKS AN ADEQUATE FOUNDATION OR IS NOT BASED ON DATA REASONABLY RELIED UPON BY EXPERTS IN A PARTICULAR FIELD OF EXPERTISE.

## STIPULATIONS OF FACT

THERE ARE SEVERAL STIPULATIONS OF FACT IN THIS CASE. A "STIPULATION" IS AN AGREEMENT. WHEN THERE IS NO DISPUTE ABOUT CERTAIN FACTS, THE ATTORNEYS MAY AGREE OR "STIPULATE" TO THOSE FACTS. YOU MUST ACCEPT A STIPULATED FACT AS EVIDENCE AND TREAT THAT FACT AS HAVING BEEN PROVEN HERE IN COURT.

THE PARTIES HAVE AGREED TO THE FOLLOWING STIPULATIONS:

A. KEVIN JORDAN WAS HIRED AS A FLOOR HAND BY ENSCO OFFSHORE COMPANY ON OR ABOUT JUNE 25, 2012.

B. KEVIN JORDAN WAS ASSIGNED TO WORK AS A FLOOR HAND ABOARD THE ENSCO 8506.

C. THE ENSCO 8506 IS A SEMI-SUBMERSIBLE RIG IN NAVIGATION OPERATED BY ENSCO OFFSHORE COMPANY AND WHICH PERFORMED DRILLING OPERATIONS ON MARCH 3, 2013 FOR ANADARKO PETROLEUM CORPORATION.

D. ENSCO 8506 IS A VESSEL.

E. KEVIN JORDAN'S DUTIES CONTRIBUTED TO THE FUNCTION OF THE ENSCO 8506 OR THE ACCOMPLISHMENT OF ITS MISSION.

F. KEVIN JORDAN HAS A CONNECTION TO THE ENSCO 8506 THAT IS SUBSTANTIAL IN BOTH DURATION AND NATURE.

G. A FLOOR HAND WORKS PRIMARILY ON THE DRILL FLOOR AND ASSISTS THE DRILLING OPERATIONS.

H. ON THE DRILL FLOOR, THE CHAIN OF COMMAND IS AS FOLLOWS: (1) OFFSHORE INSTALLATION MANAGER (OIM); (2) TOOL PUSHER; (3) DRILLER; (4) ASSISTANT DRILLER; AND (5) FLOORHAND.

I. ON MARCH 3, 2013, KEVIN JORDAN WAS WORKING AS A FLOOR HAND ABOARD THE ENSCO 8506 IN FEDERAL WATERS OFF THE COAST OF LOUISIANA.

J. ON MARCH 3, 2013, KEVIN JORDAN WAS WORKING THE NIGHT TOUR WHICH STARTED AT 12:00 P.M. AND ENDED AT 12:00 A.M.

K. ON MARCH 3, 2013, THE DRILL CREW ON THE ENSCO 8506 WAS TRIPPING PIPE OUT THE HOLE, WHICH MEANS THEY WERE PULLING THE DRILL STRING OUT OF THE WELL.

L. ON MARCH 4, 2013, AT 6:00 A.M., KEVIN JORDAN REPORTED TO THE RIG MEDIC THAT HE WAS INJURED AT APPROXIMATELY 9:00 P.M. ON MARCH 3RD.

M. ENSCO PUT KEVIN JORDAN IN A HOTEL ROOM FOR THE NIGHT OF MARCH 6TH.

N. KEVIN JORDAN ATTENDED PHYSICAL THERAPY AT ROSEWOOD REHABILITATION AFTER THE SURGERY.

O. KEVIN JORDAN HAD HAND THERAPY AT CARE PHYSICAL THERAPY AND WAYNE GENERAL HOSPITAL.

P. KEVIN JORDAN WAS EMPLOYED BY ENSCO OFFSHORE COMPANY AS A FLOORHAND ON THE ENSCO 8506 ON MARCH 3, 2013.

Q. ENSCO OFFSHORE COMPANY OPERATED THE ENSCO 8506 ON MARCH 3, 2013 AND WAS THE OWNER PRO HAC VICE OF THE VESSEL ON THAT DATE.

R. KEVIN JORDAN WAS AND IS MARRIED TO JOANNA JORDAN.

S. KEVIN JORDAN IS RECEIVING MAINTENANCE AT THE RATE OF $30 PER DAY.

## CLAIMS OF THE PLAINTIFF

27. IN THIS CASE, PLAINTIFF KEVIN JORDAN, A SEAMEN, IS ASSERTING TWO SEPARATE CLAIMS AGAINST THE DEFENDANT, ENSCO OFFSHORE COMPANY. THE PLAINTIFF'S FIRST CLAIM, UNDER THE FEDERAL LAW KNOWN AS THE JONES ACT, IS THAT HIS EMPLOYER—ENSCO OFFSHORE COMPANY—WAS NEGLIGENT, AND THAT THIS NEGLIGENCE WAS A CAUSE OF HIS INJURY. THE PLAINTIFF'S SECOND CLAIM IS THAT THE UNSEAWORTHINESS OF ENSCO'S VESSEL—THE ENSCO 8506—CAUSED HIS INJURY.

28. YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. THE PLAINTIFF IS NOT REQUIRED TO PROVE ALL OF HIS CLAIMS. THE PLAINTIFF MAY RECOVER IF HE PROVES EITHER ONE OF HIS CLAIMS. HOWEVER, THE PLAINTIFF MAY RECOVER ONLY THOSE DAMAGES OR BENEFITS THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES, AND HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

## JONES ACT – NEGLIGENCE

29. UNDER THE JONES ACT, THE PLAINTIFF MUST PROVE THAT THE JONES ACT DEFENDANT WAS NEGLIGENT. IN THIS CASE, KEVIN JORDAN MUST PROVE THAT HIS EMPLOYER, ENSCO OFFSHORE COMPANY, WAS NEGLIGENT. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR FAILING TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN THAT ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

30. IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS LIBERALLY INTERPRETED. IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO HIS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW.

31. NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY. UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT WAS THE CAUSE, IN WHOLE OR IN PART, OF INJURY TO A SEAMAN EMPLOYEE, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT. IN OTHER WORDS, UNDER THE JONES ACT, ENSCO OFFSHORE COMPANY BEARS THE RESPONSIBILITY FOR ANY NEGLIGENCE

THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING PLAINTIFF KEVIN JORDAN'S INJURY.

32. NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT THE PLAINTIFF WAS INJURED BECAUSE THE DEFENDANT ENSCO OFFSHORE COMPANY FAILED TO FURNISH KEVIN JORDAN WITH A REASONABLY SAFE PLACE TO WORK, AND THAT THE PLAINTIFF'S WORKING CONDITIONS COULD HAVE BEEN MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

33. THE FACT THAT THE DEFENDANT, ENSCO OFFSHORE COMPANY, CONDUCTED ITS OPERATIONS IN A MANNER SIMILAR TO THAT OF OTHER COMPANIES IS NOT CONCLUSIVE AS TO WHETHER THE DEFENDANT WAS NEGLIGENT OR NOT.

34. YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAS BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG-ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. HOWEVER, A PRACTICE IS NOT NECESSARILY UNSAFE OR

UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

35. A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF HIS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

36. IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT, ENSCO OFFSHORE COMPANY, ASSIGNED PLAINTIFF KEVIN JORDAN TO PERFORM A TASK THAT HE WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT ENSCO OFFSHORE COMPANY WAS NEGLIGENT.

## UNSEAWORTHINESS

37. THE PLAINTIFF, KEVIN JORDAN, ALSO SEEKS DAMAGES FOR PERSONAL INJURY THAT HE CLAIMS WERE CAUSED BY THE UNSEAWORTHINESS OF DEFENDANT ENSCO OFFSHORE COMPANY'S VESSEL, THE ENSCO 8506.

38. A VESSEL OWNER OWES TO EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE VESSEL AND ALL OF ITS DECKS AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS, AND EQUIPMENT IN A SEAWORTHY CONDITION AT ALL TIMES.

39. A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL—A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE—NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

40. THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES A DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THROUGH IT HAS A NUMERICALLY ADEQUATE

CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

41. HOWEVER, THE VESSEL OWNER IS NOT REQUIRED TO FURNISH AN ACCIDENT-FREE SHIP. IT NEED ONLY FURNISH A VESSEL AND APPURTENANCES THAT ARE REASONABLY FIT FOR THE INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THE ASSIGNED TASKS.

42. THE VESSEL OWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST OF CREWS, ON ITS VESSEL. THE VESSEL OWNER IS ONLY REQUIRED TO PROVIDE GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE.

43. IN SUMMARY, IF YOU FIND THAT THE OWNER OF THE VESSEL DID NOT PROVIDE A COMPETENT, ADEQUATE, OR PROPERLY TRAINED CREW OR DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT NUMBER TO PERFORM THE TASKS REQUIRED, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT UNDER THE LAW AS I HAVE JUST EXPLAINED IT TO YOU AND THAT THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE VESSEL OWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE VESSEL OWNER

OR ANY OF ITS EMPLOYEES.

44. HOWEVER, IF YOU FIND THAT THE ENSCO 8506 HAD A CAPABLE CREW, AND HAD APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND THE DEFENDANT, ENSCO OFFSHORE COMPANY, IS NOT LIABLE TO THE PLAINTIFF ON HIS CLAIM OF UNSEAWORTHINESS.

## CAUSATION

45. NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY.

46. IN DETERMINING CAUSATION, DIFFERENT RULES APPLY TO THE JONES ACT CLAIM AND THE UNSEAWORTHINESS CLAIM.

47. UNDER THE JONES ACT, FOR BOTH THE EMPLOYER'S NEGLIGENCE AND THE SEAMAN'S CONTRIBUTORY NEGLIGENCE, AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART. IN OTHER WORDS, UNDER THE JONES ACT, A DEFENDANT AND A PLAINTIFF EACH BEAR THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING THE PLAINTIFF'S INJURY.

48. FOR THE UNSEAWORTHINESS CLAIM, THE SEAMAN MUST SHOW NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF THE INJURY. THIS MEANS THAT PLAINTIFF KEVIN JORDAN MUST SHOW THAT THE CONDITION IN QUESTION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.

**CONTRIBUTORY NEGLIGENCE**

49. DEFENDANT, ENSCO OFFSHORE COMPANY, CONTENDS THAT THE PLAINTIFF, KEVIN JORDAN, WAS NEGLIGENT AND THAT PLAINTIFF KEVIN JORDAN'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. PLAINTIFF KEVIN JORDAN'S NEGLIGENCE WILL BE CONSIDERED A CAUSE OF THE INJURY IF IT PLAYED A PART—NO MATTER HOW SLIGHT—IN BRINGING ABOUT HIS INJURY. ENSCO OFFSHORE COMPANY HAS THE BURDEN OF PROVING THAT THE PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT. IF THE PLAINTIFF'S NEGLIGENCE CONTRIBUTED TO HIS INJURY, HE MAY STILL RECOVER DAMAGES, BUT THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

50. A SEAMAN IS OBLIGATED UNDER THE JONES ACT TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING, AND EDUCATION. UNDER THE JONES ACT, A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.

51. IF YOU FIND THAT THE DEFENDANT, ENSCO OFFSHORE COMPANY, WAS NEGLIGENT OR THAT THE ENSCO 8506 WAS UNSEAWORTHY, AND THAT THE NEGLIGENCE OR UNSEAWORTHINESS WAS A PROXIMATE CAUSE OF PLAINTIFF KEVIN JORDAN'S INJURY, BUT YOU ALSO FIND THAT THE ACCIDENT WAS DUE PARTLY TO KEVIN JORDAN'S CONTRIBUTORY NEGLIGENCE, THEN YOU MUST DETERMINE THE PERCENTAGE THAT KEVIN JORDAN'S NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE JURY QUESTIONS. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO KEVIN JORDAN. IT IS MY JOB TO REDUCE ANY DAMAGES THAT YOU AWARD BY ANY PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO THE PLAINTIFF.

**DAMAGES**

52. IF YOU FIND THAT DEFENDANT ENSCO OFFSHORE COMPANY IS LIABLE, YOU MUST AWARD THE AMOUNT THAT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE IS FULL AND JUST COMPENSATION FOR PLAINTIFF KEVIN JORDAN'S DAMAGES.

53. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, BECAUSE COMPENSATORY DAMAGES MUST BE ACTUAL DAMAGES TO BE RECOVERABLE. BUT COMPENSATORY DAMAGES ARE NOT RESTRICTED TO OUT-OF-POCKET LOSSES OF MONEY OR LOST TIME. INSTEAD, COMPENSATORY DAMAGES INCLUDE BOTH THE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. COMPENSATORY DAMAGES ARE INTENDED TO MAKE THE PLAINTIFF WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

54. IN DETERMINING COMPENSATORY DAMAGES, YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THAT THE PLAINTIFF, KEVIN JORDAN, HAS ESTABLISHED SUCH DAMAGES BY A PREPONDERANCE OF THE EVIDENCE: PAST AND FUTURE PHYSICAL PAIN AND SUFFERING, INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, AND INCONVENIENCE, AND THE EFFECT OF PLAINTIFF

KEVIN JORDAN'S INJURIES AND INCONVENIENCE ON THE NORMAL PURSUITS AND PLEASURES OF LIFE; PAST AND FUTURE MENTAL ANGUISH AND FEELINGS OF ECONOMIC INSECURITY CAUSED BY DISABILITY; INCOME LOSS IN THE PAST; IMPAIRMENT OF EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT OF PLAINTIFF KEVIN JORDAN'S EARNING CAPACITY DUE TO HIS PHYSICAL CONDITION; AND THE REASONABLE VALUE, NOT EXCEEDING ACTUAL COST TO THE PLAINTIFF, OF MEDICAL CARE THAT YOU FIND FROM THE EVIDENCE WILL BE REASONABLY CERTAIN TO BE REQUIRED IN THE FUTURE AS A PROXIMATE RESULT OF THE INJURY IN QUESTION.

55. IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF PAST OR FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT THE PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS AFTER TAX. THIS IS NECESSARY BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE GOVERNMENT WILL NOT TAX ANY AMOUNT WHICH YOU AWARD ON THIS BASIS.

56. SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE

VALUABLE TO THE PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. THEREFORE, IF YOU DECIDE TO AWARD THE PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT IT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT. EACH ECONOMIST THAT TESTIFIED HAS ALREADY ACCOUNTED FOR TAXES IN DETERMINING THE AMOUNT THEY CONCLUDE IS OWED FOR FUTURE LOSS OF EARNINGS. THOSE AMOUNTS HAVE ALSO ALREADY BEEN DISCOUNTED TO PRESENT VALUE.

57. HOWEVER, SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, BUT YOU SHOULD AWARD AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR HIS INJURY.

## CONSIDER DAMAGES ONLY IF NECESSARY

58. IF THE PLAINTIFF HAS PROVED HIS CLAIM AGAINST ENSCO OFFSHORE COMPANY BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I AM GIVING INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER ENSCO OFFSHORE COMPANY IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT ENSCO OFFSHORE COMPANY IS LIABLE AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM ENSCO OFFSHORE COMPANY.

## INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY FOR ENJOYMENT OF LIFE

59. YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT THE PLAINTIFF SUSTAINED AND ANY PAIN AND SUFFERING, DISABILITY, DISFIGUREMENT, MENTAL ANGUISH, AND/OR LOSS OF CAPACITY FOR ENJOYMENT OF LIFE THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE BODILY INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE INDIVIDUAL PLAINTIFF FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

## MITIGATION OF DAMAGES

60. A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE HIS DAMAGES, THAT IS, TO AVOID OR TO MINIMIZE THOSE DAMAGES.

61. IF YOU FIND DEFENDANT ENSCO OFFSHORE COMAPNY IS LIABLE AND THAT THE PLAINTIFF, KEVIN JORDAN, HAS SUFFERED DAMAGES, THE PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE THAT HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND THAT ENSCO OFFSHORE COMPANY HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT PLAINTIFF KEVIN JORDAN UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIM RECOVERY FOR THOSE DAMAGES THAT HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

62. YOU ARE THE SOLE JUDGE OF WHETHER PLAINTIFF KEVIN JORDAN ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO MAKE UNREASONABLE EFFORTS OR TO INCUR UNREASONABLE EXPENSES IN MITIGATING DAMAGES. ENSCO OFFSHORE

COMPANY HAS THE BURDEN OF PROVING THE DAMAGES THAT PLAINTIFF KEVIN JORDAN COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL OF THE EVIDENCE IN LIGHT OF THE CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER ENSCO OFFSHORE COMPANY HAS SATISFIED ITS BURDEN OF PROVING THAT PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

63. IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

64. REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

65. I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT MUST BE UNANIMOUS ON EACH AND EVERY INTERROGATORY YOU ARE CALLED ON TO DECIDE.

66. WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU THESE INSTRUCTIONS AND THE EXHIBITS THAT THE COURT HAS ADMITTED INTO EVIDENCE. SELECT YOUR FOREPERSON AND

CONDUCT YOUR DELIBERATIONS. YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE, BY ANY MEANS, ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, IPAD OR COMPUTER; THE INTERNET OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY SOCIAL MEDIA SUCH AS FACEBOOK, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE, UNTIL AFTER I ACCEPT YOUR VERDICT.

67. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON MUST FILL IN YOUR ANSWERS TO THE WRITTEN QUESTIONS ON THE JURY VERDICT FORM AND SIGN AND DATE THE FORM. RETURN THESE CHARGES TOGETHER WITH YOUR WRITTEN ANSWERS TO THE QUESTIONS. UNLESS I DIRECT YOU OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION DURING DELIBERATIONS.

68. IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A WRITTEN MESSAGE TO THE BAILIFF, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY

MEETING WITH YOU IN THE COURTROOM. I WILL ALWAYS FIRST SHOW THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

69. AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE.

70. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.