UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN JORDAN,**<br>   Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1226** |
| **ENSCO OFFSHORE COMPANY,**<br>   Defendant | **SECTION: "E" (1)** |

## ORDER AND REASONS

This matter comes before the Court on a motion for new trial filed by the Plaintiff, Kevin Jordan, pursuant to Federal Rule of Civil Procedure 59(a).[1] Plaintiff also seeks sanctions pursuant to 28 U.S.C. § 1927. Defendant, ENSCO Offshore Company, opposes the motion.[2] For the reasons that follow, the motion is **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND[3]

This maritime personal-injury case proceeded to a jury trial on May 23, 2016. The trial involved the claims of Plaintiff, Kevin Jordan, a Jones Act seaman, against his former employer, ENSCO Offshore Company ("ENSCO"). Plaintiff testified he was injured on March 3, 2013, while he was working as a floor hand on board the ENSCO 8506, an oil rig operated by ENSCO in the offshore waters of the Gulf of Mexico. According to Plaintiff, while working the overnight shift on the rig's drill floor, he followed an instruction to pull on a metal cable spooled to an air hoist when a burr on the cable penetrated his glove and punctured the tip of his left index finger. Plaintiff argued that the defective cable on the ENSCO 8506, coupled with ENSCO's failure to inspect the cable and failure to maintain it, amounted to an unseaworthy condition under the General Maritime Law. Plaintiff also pursued a Jones Act negligence claim against ENSCO. Specifically, Plaintiff alleged that,

---

[1] R. Doc. 204.
[2] R. Doc. 208.
[3] R. Doc. 182 (Pretrial Order). This Section derives, in part, from the Pretrial Order submitted by the parties.

1

in the days following the accident, ENSCO acted with unreasonable delay in failing to provide Plaintiff with adequate medical treatment, causing the wound to become infected and Plaintiff to develop Reflex Sympathetic Dystrophy ("RSD") in his left index finger. Treating physicians testified that amputation of Plaintiff's left index finger was an option that remained on the table for long-term treatment.

ENSCO's theory of the case was much different. According to ENSCO, Plaintiff did not injure his finger on March 3, 2013, while working as a floor hand on board the ENSCO 8506. Instead, according to witnesses called by ENSCO, the injury occurred approximately four days earlier when Plaintiff—while off duty, on shore, and at his home—punctured his left index finger on a pocket knife. ENSCO presented evidence at trial that, despite Plaintiff's claim that he injured his finger after puncturing it on a wire burr on the ENSCO 8506, none of the other workers on the rig witnessed the incident or observed a burr on the cable. ENSCO also elicited testimony and introduced documentary evidence that Plaintiff continued to work after the alleged March 3 accident and seldom complained to his physicians about pain to his finger or any physical limitations stemming therefrom. ENSCO also disputed the extent of the damages sought by Plaintiff, introducing testimony at trial to support its position that the Plaintiff needed no further treatment and was able to return to work without restriction.

The trial lasted approximately four days. Closing arguments were given on May 26, 2016, and the jury returned with its verdict on the same date. The jury found that ENSCO was not negligent under the Jones Act, nor was the ENSCO 8506 unseaworthy under the General Maritime Law. As a result, the jury awarded no damages to the Plaintiff, and the Court subsequently entered judgment in favor of ENSCO.[4]

---

[4] R. Docs. 194, 195.

On June 23, 2016, Plaintiff filed a motion for new trial under Federal Rule of Civil Procedure 59(a).[5] Plaintiff contends a new trial is warranted under Rule 59(a) in light of statements that were made by ENSCO's lead attorney, William Schwartz, during ENSCO's closing argument. The statements Plaintiff takes issue with are as follows:

> You want to finish this case and go home tonight? No. 1, no, there is no Jones Act negligence. No. 2, no unseaworthiness. They have the burden of proof. They haven't proven anything in this case. The only thing they proved in this case was, unfortunately, Jonathan Adams, who is a really good guy, had to carry the bag for George Schmidt and Peter Koeppel. They didn't have the guts to show up in here and put this story in front of you. So, Jonathan is carrying their bags. But, unfortunately, it's the same story; and it doesn't fly.[6]

Plaintiff contends ENSCO's counsel, by making these statements, "intentionally, purposefully, and maliciously" violated an Order in which the Court struck from the proposed pre-trial order allegations that Plaintiff was committing a fraud against ENSCO in bringing his claims.[7] Plaintiff argues the statements "made the trial unfair and created prejudicial error," thereby warranting a new trial under Rule 59, as "ENSCO's counsel basically called Plaintiff's attorneys crooks right before the jury began deliberations."[8] In the event the Court grants the motion and awards a new trial, Plaintiff seeks sanctions—*i.e.*, his entire costs, expenses, and attorneys' fees—from ENSCO pursuant to 28 U.S.C. § 1927.

---

[5] R. Doc. 204.
[6] R. Doc. 206 at 22 (Transcript of Closing Arguments). Mr. Schwartz's statements were irrelevant and offensive. As such, they were not proper closing argument. The Court trusts that Mr. Schwartz will reflect on his conduct in this case and, in the future, pledge to uphold his professional responsibilities under all circumstances. Zealous advocacy is no excuse for his conduct.
[7] Prior to trial, Plaintiff moved to strike "allegations sounding in fraud" from the proposed pretrial order. R. Doc. 81. In the proposed pretrial order, ENSCO listed as a contested issue of fact: "Whether Kevin Jordan is committing a fraud on Ensco in making this claim for damages." ENSCO listed as a contested issue of law: "Whether Kevin Jordan is committing a fraud in bringing this claim." The Court granted the motion and struck those allegations, reasoning that ENSCO waived fraud as a defense by (1) failing to plead it as an affirmative defense in its answer and (2) failing to assert fraud as a counterclaim against the Plaintiff. *See* R. Doc. 117. The Court therefore struck all allegations of fraud from the proposed pre-trial order, holding that, nevertheless the Defendant could "introduce evidence that the Plaintiff's injury pre-existed the accident-in-question and otherwise call into question the Plaintiff's credibility." R. Doc. 117 at 2.
[8] R. Doc. 204-1 at 2–6.

## LAW AND ANALYSIS

A motion for new trial under Rule 59(a) is an extraordinary remedy that should be used sparingly.[9] Rule 59(a) provides, specifically, that the district court may grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."[10] Although Rule 59(a) does not delineate the precise grounds for granting a new trial, the Fifth Circuit has held that Rule 59(a) allows the district court to grant a new trial if it "finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[11] Still, the decision whether to grant a new trial under Rule 59(a) is left to the sound discretion of the trial judge, and the court's authority is broad.[12]

In this case, the Plaintiff seeks a new trial under Rule 59(a) on the grounds that the trial was unfair and prejudicial error was committed.[13] As stated above, Plaintiff's arguments of unfairness and prejudicial error derive from ENSCO's closing argument and, specifically, statements made by ENSCO's lead attorney, Bill Schwartz. Plaintiff contends that, by arguing to the jury that Peter Koeppel and George Schmidt "didn't have the guts to show up here and put this story in front of you," Mr. Schwartz implied that Plaintiff's case was "made up" and Mr. Koeppel and Mr. Schmidt knew the case was "bogus."[14] Even further, Plaintiff argues Mr. Schwartz's statements were prejudicial because he referred to Plaintiff's trial counsel, Jonathan Adams, as a "bagman," arguing that Mr. Adams was forced to "carry the bags" for Mr. Koeppel and Mr. Schmidt.

---

[9] *Karim v. Finch Shipping Co.*, 111 F. Supp. 2d 783, 784 (E.D. La. 2000) (citing *Avondale Indus., Inc. v. Bd. of Comm'rs of the Port of New Orleans*, No. 94-2786, 1996 WL 413645, at *2 (E.D. La. July 24, 1996)).
[10] FED. R. CIV. P. 59(a). *See Smith v. Transworld Co.*, 773 F.2d 610, 613 (5th Cir. 1985).
[11] *See Smith*, 773 F.2d at 613 (citing *Reed Bros., Inc. v. Monsato Co.*, 525 F.2d 486, 499–50 (8th Cir. 1975)).
[12] *In re Omega Protein, Inc.*, No. 04 CV 02071, 2007 WL 1974309, at *2 (W.D. La. July 2, 2007). *See also Thomas v. Concerned Care Home Health, Inc.*, No. 13-5912, 2016 WL 930943, at *2 (E.D. La. Mar. 11, 2016).
[13] *See generally* R. Doc. 204-1.
[14] R. Doc. 204-1 at 5–6.

According to Plaintiff, these statements made by Mr. Schwartz implied that, not only did Mr. Koeppel and Mr. Schmidt know that the case was "bogus," Mr. Adams also knew the case was bogus and knowingly presented such a case to the jury.[15] Plaintiff contends, in summary, that he was prejudiced by Mr. Schwartz's statements during closing argument, which rendered the trial unfair. In a similar vein, Plaintiff argues that, because Mr. Schwartz essentially argued Plaintiff's case was "bogus" and "made up," Mr. Schwartz "intentionally, purposefully, and maliciously" violated a Court Order barring ENSCO from asserting the affirmative defense of fraud at trial. For these reasons, Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 59(a), a new trial is warranted.

"A motion for new trial premised on improper arguments by counsel should only be granted when improper closing argument irreparably prejudices a jury verdict or a jury fails to follow instructions."[16] "To justify reversal based on improper comments of counsel, the conduct must be such as to gravely impair the calm and dispassionate consideration of the case by the jury."[17] Therefore, closing argument must go far beyond the bounds of accepted advocacy before a court should grant a new trial.[18] As the Fifth Circuit has instructed, "[a] trial judge is generally better able than an appellate court to evaluate the prejudice flowing from improper jury arguments."[19] "A new trial is warranted only if the opposing party shows that it was sufficiently prejudiced considering all the facts and circumstances of the case."[20] Furthermore, in deciding whether to grant a new trial, the Court should consider "the entire argument . . . within the context of the court's

---

[15] *See* R. Doc. 204-1 at 2–6.
[16] *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 509 (5th Cir. 2012) (internal quotation marks omitted) (citing *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 848 F.3d 613, 619 (5th Cir. 1988)).
[17] *Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp.*, 586 F. App'x 643, 649 (5th Cir. 2014) (internal quotation marks omitted) (quoting *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 585 (5th Cir. 1985)).
[18] *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 284 (5th Cir. 1985). *See also Dulin*, 586 F. App'x at 649.
[19] *Baisden*, 693 F.3d at 509 (citing *Caldarera v. E. Airlines, Inc.*, 705 F.2d 778 (5th Cir. 1983)).
[20] *Facille v. Madere & Sons Towing, LLC*, No. 13-6470, 2015 WL 5017012, at *10 (E.D. La. Aug. 21, 2015) (citing *United States v. Jefferson*, 258 F.3d 405, 412 (5th Cir. 2001)).

rulings on objections, the jury charge, and any corrective measures applied by the trial court."[21]

The Court first notes that, although the Plaintiff takes issue now, post-trial, with statements made during ENSCO's closing argument, Plaintiff's counsel did not object at trial when the statements were made. Plaintiff concedes that an objection was not lodged to ENSCO's closing argument, neither when Mr. Schwartz made the statements-in-question nor thereafter.[22] The Fifth Circuit has held that "[i]mproper argument may be the basis for a new trial where no objection has been raised only where the interest of substantial justice is at stake. Absent a timely objection, reversal is generally not warranted based on counsel's improper statements alone."[23] Rather, the court should consider "the comments of counsel, the counsel's trial tactics as a whole, the evidence presented, and the ultimate verdict."[24]

According to Plaintiff, his attorney "did not contemporaneously object to the prejudicial and inflammatory language due to the fact he was suddenly faced with an unexpected and personal attack on his managing partner who was not present at trial."[25] The Court is not convinced by this argument. If Mr. Schwartz's statements were, in fact, so prejudicial and inflammatory in the minds of the Plaintiff's attorneys as to cause a substantial injustice, an immediate, forceful objection should have been lodged or

---

[21] *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985).
[22] R. Doc. 204-1 at 2.
[23] *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 778 (5th Cir. 2009) (citations and internal quotation marks omitted). *See also Johnson v. Watkins*, 803 F. Supp. 2d 561, 582 (S.D. Miss. 2011); *Welch v. All Am. Check Cashing, Inc.*, No. 3:13CV271TSL-JCG, 2015 WL 4066495, at *11 (S.D. Miss. July 2, 2015) (citing *Nissho-Iwai Co.*, 848 F.2d at 619 (finding that the plaintiff's failure to object to impropriety of closing argument barred it "'from urging the improper arguments as grounds for a new trial after the jury had returned its verdict'"); *EON Corp. IP Holdings, LLC v. Landis+Gyr Inc.*, No. 6:11-CV-317-JDL, 2014 WL 6466663, at *3 (E.D. Tex. Nov. 14, 2014) (finding that defendant "waived its opportunity to object to the alleged impropriety of EON's closing arguments when it remained silent and let the case go to the jury")); *Pellegrin v. Larpenter*, No. Civ. A. 94-1410, 1995 WL 555595, at *1 (E.D. La. Sept. 15, 1995).
[24] *Mills v. Beech Aircraft*, 886 F.2d 758, 765 (5th Cir. 1989). *See also Alaniz*, 591 F.3d at 778.
[25] R. Doc. 204-1 at 2.

Plaintiff's counsel should have moved for a mistrial. Counsel's failure to make an objection or request a mistrial weighs against Plaintiff's argument that Mr. Schwartz's statements were so prejudicial that they rendered the trial unfair.[26]

The Court finds that Mr. Schwartz's statements—when viewed in context with (1) his trial tactics as a whole, (2) the evidence presented, and (3) the ultimate verdict—were not so prejudicial such that a new trial is warranted. Plaintiff's counsel points to no other instances, neither prior to, nor during, nor after trial, when Mr. Schwartz engaged in any unprofessional, improper, or prejudicial conduct. Furthermore, considering the evidence presented and the ultimate verdict, the Court remains convinced that the Plaintiff was not unduly prejudiced by Mr. Schwartz's statements during closing argument. Over approximately four days of trial, the jury was presented with evidence that Plaintiff injured his finger at home days prior to the alleged March 3, 2013 incident on the ENSCO 8506 and that he continued to work on the rig after March 3 without complaint. The jury also heard testimony that Plaintiff visited a number of physicians, both prior to and after March 3, but rarely complained about an injury to his left-index finger or hand. Overall, the jury was presented ample evidence calling into question Plaintiff's credibility and undermining the veracity of his claims against ENSCO. Having considered Mr. Schwartz's statements during closing argument, his trial tactics as a whole, the evidence presented, and the ultimate verdict, the Court finds that Plaintiff was not so prejudiced, nor was the trial so unfair, such that a new trial is warranted.

---

[26] *See supra* note 23; *see also Learmonth v. Sears, Roebuck & Co.*, No. 4:06CV128TSL-LRA, 2009 WL 2252878, at *2 (S.D. Miss. July 28, 2009) (citing *Winter v. Brenner Tank, Inc.*, 926 F.2d 468, 473 (5th Cir. 1991) (finding it "significant that [defense] counsel acquiesced in the court's curative instructions by failing to request a mistrial," and observing that "counsel made a strategic determination not to request a mistrial at the time the improper comments were made, and we will not allow him to challenge the verdict based on those same comments after having had a chance to see the verdict."); *United States v. Diaz-Carreon*, 915 F.2d 951, 959 (5th Cir. 1990) ("[T]he failure of defense counsel to seek a mistrial suggests that any lingering prejudice from the improper comments was minimal.")) ("[W]hile Sears' failure to request a mistrial may not be fatal to its request for a new trial, its failure to do so does counsel against its request for relief.").

The Court also finds support in its charges to the jury after closing argument.[27] The Court gave the following instructions, among several others, to the jury:

> The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. You have heard the closing arguments of the attorneys. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.
>
> \*\*\*
>
> You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[28]

The jury is presumed to follow the instructions of the Court.[29] In this case, the Court instructed the jury, as it always does, that the testimony of the witnesses and the exhibits introduced into evidence constitute the universe of evidence, and the arguments of counsel are not within that universe. There is no evidence that the jury disregarded the Court's instructions or was unduly influenced by the statements made by Mr. Schwartz in his closing argument. Absent such evidence, the Court declines Plaintiff's invitation to speculate that the jury disregarded the wealth of testimony and exhibits introduced into evidence and, in so doing, was unduly influenced by the statements of ENSCO's counsel during closing argument.

---

[27] R. Doc. 193 (Jury Instructions).
[28] R. Doc. 193 at 2–3 (Jury Instructions).
[29] *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("The rule that juries are presumed to follow their instructions is a pragmatic one . . . ."). *See also One River Place Condominium Ass'n, Inc. v. Axis Surplus Ins. Co.*, No. 07-1305, 2009 WL 2409142, at \*3 (E.D. La. Aug. 4, 2009); *Learmonth*, 2009 WL 2252878, at \*2 ("Counsel's remarks did not deprive Sears of a fair trial, particularly since the court clearly instructed the jury that opening statements and closing arguments were not evidence.").

In summary, the Court finds a new trial is not warranted. Although the Court finds Mr. Schwartz's tactics disappointing and inappropriate, particularly when coming from an experienced member of the bar, the Plaintiff was not sufficiently prejudiced by those statements to justify a new trial, considering all the facts and circumstances of the case. The Fifth Circuit has held that, "[t]o justify reversal based on improper comments of counsel, the conduct must be such as to gravely impair the calm and dispassionate consideration of the case by the jury."[30] It is the opposing party's burden to show sufficient prejudice such that the jury's consideration of the case was impaired.[31] Plaintiff has not carried his burden, and for that reason, the Court will not grant a new trial.

Because the Court finds that a new trial is not warranted, Plaintiff's request for sanctions under 28 U.S.C. § 1927 is moot. In his motion for new trial, Plaintiff argues that, "[i]n the event the Court grants Plaintiff a new trial, ENSCO should be ordered to pay Plaintiff's <u>entire</u> costs for the first trial so that Plaintiff can be made whole again."[32] As the Court denies Plaintiff's request for a new trial, it also denies Plaintiff's request for sanctions, or costs, under 28 U.S.C. § 1927 as moot.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for new trial, and Plaintiff's related request for sanctions under § 1927, is **DENIED**.[33]

**New Orleans, Louisiana, this 27th day of July, 2016.**

*[Signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[30] *Dulin*, 586 F. App'x at 649 (internal quotation marks omitted) (quoting *Dixon*, 754 F.2d at 585).
[31] *Facille*, 2015 WL 5017012, at *10 (citing *Jefferson*, 258 F.3d at 412).
[32] R. Doc. 204-1 at 2.
[33] R. Doc. 204.